(77 N. W. Rep. 1012.)

---

### A. F. KUHNERT *vs.* ERASMUS D. ANGELL.

Opinion filed December 7, 1898.

**Negligent Obstruction of Trail—Evidence.**

To support a verdict for damages for injuries done to a team of horses and other property, caused by colliding with an unlawful obstruction upon a well-defined trail, traveled for more than one year, under section 7550, Rev. Codes, there must be some evidence connecting the defendant with the doing of the unlawful act causing the injury.

**Tort of Sub-Agent—Done in Violation of Instructions.**

Where it appears that defendant, for his principal, and pursuant to his request, employed a third person to build a fence around certain unoccupied land for which defendant was agent, and had such fence built by a third person, and the latter, in violation of defendant's instructions, and without his knowledge, erects an unlawful fence across such trail, and injury results therefrom, defendant is not liable, under the section above referred to.

Appeal from District Court, Cass County; *Pollock,* J.

Action by A. F. Kuhnert against Erasmus D. Angell, for recovery of damages because of injuries to a team sustained by running into a barbed wire fence. Plaintiff obtained a verdict, a new trial was ordered and plaintiff appeals from the order granting new trial. Affirmed.

*John E. Greene,* for appellant.

*A. B. Lee* and *Benton & Bradley,* for respondent.

YOUNG, J. The plaintiff, who is the proprietor of a livery stable in the city of Fargo, obtained a verdict in this case in the District Court for injuries done to one of his teams, and other attendant and consequent injury, resulting from its being driven into a barbed-wire fence, placed across what he designated as a "trail," the fence not having the protective guard rails which the law requires at such places. Defendant was the agent for the owner of the land where the accident occurred. The defendant made a motion for a new trial, which was granted. Plaintiff appeals. We think the motion for a new trial was properly granted, and find it necessary

to refer to only two of the several grounds upon which the motion was based. At the close of the case, the defendant asked for a directed verdict, stating among other grounds, this: That the evidence failed to show that the defendant had any direct connection with the work himself (that is, the building of the fence causing the injury). Insufficiency of the evidence to justify the verdict was also urged in the motion, one of the particulars specified being in the following language: That "there is no evidence in this case which shows or tends to show that the defendant, as agent for the owner of the land, on the line of which the accident occurred, was guilty of any act of nonfeasance, either towards his principal or the public." It appears that, early in 1896, George B. Hunt, who was the owner of the land where the accident occurred (which we may add was an unoccupied tract, having no buildings upon it, and mostly in timothy meadow), requested defendant, who for several years had managed it, attended to leasing it, and otherwise looked after the owner's interest, to build a fence around it. Pursuant to the directions received from Mr. Hunt the defendant employed a Mr. Stenso to erect the fence. The latter did so, and was paid for it upon its completion, by the defendant, on July 1, 1896. This fence consisted of three strands of barbed wire, attached to cedar posts. It crossed what, for the purpose of this decision, we will treat as a well-beaten trail, traveled for the length of time necessary to bring it within the meaning of the statute. No board, pole, or other suitable protection was placed on the fence where it crossed the trail, as required by statute. On the night of July 13, 1896, at about 11 o'clock p. m., plaintiff's team, driven by a person to whom he had hired it, in following this trail ran into the fence, resulting in the injury complained of. Plaintiff brings this action under section 7550 of the Revised Codes, which is as follows: Every person who shall knowingly and willfully obstruct or plow up or cause to be obstructed or plowed up, any public highway or public street of any town, except by order of the road supervisors for the purpose of working the same, or injure any bridge on the public highway, or shall build or place a barbed wire fence across any well traveled trial, which has been the usual and common route of travel for not less than one year prior to the commission of the offense; without placing on the outside of the top tier of barbed wire on said fence, a board, pole or other suitable protection, to be at least sixteen feet in length, shall be deemed guilty of a misdeamor, and upon conviction shall be punished by fine not exceeding one hundred dollars, and shall be liable for all damages to person or property by reason of the same." The plaintiff does not seek to recover from the defendant on the ground that the latter was negligent in not properly protecting the public against injuries which might result from the unsafe condition of the property intrusted to his care by Mr. Hunt, and that this was the cause of the injury. He sues under the statute above quoted, and to entitle him to recover the facts must be suffi-

cient to sustain a verdict under that statute. The section referred to is found in the Penal Code. It makes one who knowingly and willfully places or builds a barbed-wire fence, without the protection features, across a well-traveled trail, which has been in common use for at least one year prior to the act of building, guilty of a misdemeanor, and punishable by a fine. In addition, such person is made liable for damages. To recover under this statute, the plaintiff must show that the defendant built or placed an unlawful obstruction across the trail, in the form of a fence, without the necessary protection which the law requires, and this knowingly and willfully. We do not mean to say that the defendant must have actually done the work himself, but he must have been associated or connected with it in some manner, other than by inference, so as to make him an actor in willfully and knowingly doing the unlawful act. Not only is there no evidence in the case tending to show that the defendant assisted in building or placing the unlawful fence across the trail, actually, by direction or otherwise, but it does appear affirmatively, and is not disputed, that the defendant directed the party who actually built the fence to place guard rails upon it at the crossing of this trail; further, that, at a later time, when the fence needed repairing at this point, he reiterated the same directions. It also appears that the defendant was not aware that these directions had not been complied with, until after the accident. The defendant, therefore, having directed the building of a lawful fence, cannot be held liable, under the statute, upon inferences drawn from the fact that he was the agent of the owner of the land. Upon the two grounds before indicated, the District Court properly granted a new trial. That order is affirmed. All concur.