(84 N. W. Rep. 577.)

---

## A. F. KUHNERT *vs.* ERASMUS D. ANGELL.

Opinion filed December 4, 1900.

**Negligence—Liability of Agent.**

This is an action to recover damages for injuries to a team of horses, which were received in a barbed-wire fence at a point where said fence crossed a trail upon which the team was being driven, which trail had previously been in common use. The fence inclosed certain lands owned by a nonresident, whose agent defendant was for the purpose of leasing and collecting rent. It is *held,* under the facts stated in the opinion, that defendant's control of the premises where the injury occurred was not broad enough to render him liable for its safe condition.

**Default of Subagent.**

The landowner directed the defendant to have the fence in question erected, and included in his directions a provision for guard rails where the accident occurred. Defendant employed a subagent to erect the fence in accordance with such instructions. The latter failed and neglected to put on the guard rails. It is *held,* under section 4348, Rev. Codes, which provides that "the original agent is not responsible to third persons for acts of the subagent," that the defendant is not liable for the injury resulting from the negligence of such subagent.

Appeal from District Court, Cass County; *Pollock, J.*

Action by A. F. Kuhnert against Erasmus D. Angell. Judgment for defendant. Complainant appeals.

Affirmed.

*John E. Greene,* for appellant.

*C. E. Bradley* and *Arthur B. Lee,* for respondent.

YOUNG, J. Plaintiff is seeking to recover damages for injuries to a team of horses, received on the night of July 13, 1898, in a barbed-wire fence, while being driven from Harwood to Fargo. The fence in question inclosed a tract of meadow land, and had been but recently built. It consisted of three strands of barbed wire, and was built directly across a trail which had been traveled by the public for a considerable time. The injury occurred while the team was following this trial. The case has been tried twice in the District Court, and this is the second appeal to this court. At the first trial, plaintiff sought to recover under section 7550, Rev. Codes, which provides that "every person who shall knowingly

and willfully * * * build or place a barbed wire fence across any well traveled trail, which has been the usual and common route of travel for not less than one year prior to the commission of the offense; without placing on the outside of the top tier of barbed wire on said fence, a board, pole or other suitable protection, to be at least sixteen feet in length, shall be guilty of a misdemeanor, * * * and shall be liable for all damages to person or property by reason of the same." ·Plaintiff prevailed and recovered a verdict. Subsequently, however, defendant moved for a new trial. This was granted by the trial court, and the order granting it was affirmed by this court. See *Kuhnert* v. *Angell,* 8 N. D. 198, 77 N. W. Rep. 1015. When the case went back to the District Court, plaintiff obtained leave to amend his complaint. He now seeks to recover entirely independent of the liabilities imposed by said section 7550, supra, and upon the express ground that defendant was guilty of negligence in connection with the construction of the alleged danger-ous obstruction. The complaint alleges "that on or about the 1st day of July, A. D. 1898, the defendant negligently and carlessly constructed, or caused to be constructed, across said road, a barb-wire fence, substantially built, with three cedar posts set in the ground, and three strands of wire securely fastened thereto, and he negligently and carelessly failed and neglected to place any guards upon either side of said fence, or any obstruction of any kind in said highway on either side of said fence, or provide any means whatever to notify the persons traveling said highway of the existence of said fence, or the danger that existed by reason thereof; that said fence so constructed as aforesaid, without any protection or means provided for warning travelers, rendered the travel of said highway dangerous, and persons and teams traveling thereon were liable to be seriously injured by said fence, all of which the defendant well knew." At the close of the case a verdict was directed for defendant on the ground that the evidence failed to show negligence on the part of the defendant. Judgment was entered in defendant's favor, and plaintiff appeals therefrom.

The only error assigned which we deem it necessary to consider is the order directing a verdict for defendant. Our inquiry, then, is as to whether there was any evidence before the jury tending to establish actionable negligence on the part of the defendant. On this point we may say that the evidence differs in no important particular from that contained in the record on the former appeal. The land on which the fence in question was located was owned by one Hunt, a nonresident. It was without buildings or other substantial improvements. Defendant is in the real estate business in the city of Fargo. For several years he had been Hunt's agent for leasing said land and collecting the rent. Some time in 1898 Hunt instructed defendant to have the fence in question constructed for the purpose of inclosing a portion of the meadow land. Hunt's plans for the fence corresponded with the fence actually built, with the single exception as to guard rails. Guard rails were to be

provided where it crossed the trail where the accident occurred. In pursuance of such request defendant employed one Stenso to build the fence; and his instructions to the latter covered the building of a fence in every way corresponding with the directions of his principal, and including the provision for guard rails. Stenso constructed the fence, but, in violation of his contract, and also of express direction from defendant, failed and neglected to provide guard rails or any other means of warning the traveling public of danger where the fence crossed the trail in question. It will be seen that defendant did no affirmative act in creating the alleged dangerous obstruction. He neither constructed it nor caused its construction. His entire connection with the erection of the fence was limited to his employment of Stenso, and the purpose of that employment was the construction of a lawful fence, with guard rails. These considerations compelled us to hold on the former appeal that the defendant was not liable under the statute, viz: section 7550, supra; for, under the undisputed evidence, he did not knowingly and willfully place or cause to be placed across the trail the alleged dangerous obstruction. The willful act was that of Stenso alone. Neither do we reach a different conclusion on the present appeal, wherein defendant's liability is predicated upon negligence. The theory of appellant's counsel is that defendant's agency was broad enough to render him personally responsible for the safe condition of the premises, and accordingly liable for injuries suffered through an unsafe condition thereof. In support of this rule of liability the following cases are cited: *Baird* v. *Shipman,* 132 Ill. 16, 23 N. E. Rep. 384, 7 L. R. A. 128; *Mayer* v. *Building Co.,* 104 Ala. 611, 16 South. Rep. 620, 28 L. R. A. 433; *Campbell* v. *Sugar Co.,* 62 Me. 552. The doctrine of these cases is expressed by the court in *Baird* v. *Shipman,* supra, in the following language: "An agent of the owner of property, who has the complete control and management of the premises, and who is bound to keep them in repair, is liable to third persons for injuries resulting to the latter, while using the premises in an ordinary and appropriate manner, through the neglect of said agent. And the agent cannot excuse himself on the plea that his principal is liable. It is not his contract that exposes him to liability to third persons, but his common-law obligation to so use that which he controls as not to injure another." The facts in the case at bar do not bring defendant within the rule of liability as laid down in the foregoing cases, for several reasons: First. The rule as laid down is applicable to buildings which are under the exclusive control of agents who are charged with the duty of attending to repairs, whereas, the property here involved is unoccupied land. Second, in the case under consideration the defendant did not have complete control and management of the premises. His authority was limited to leasing and collecting rent, and did not extend to making improvements, such as building the fence in question. The cases differ, also, in this: that in each of these cases the person claiming damages for injuries was either a

tenant or person lawfully on the premises, to whom a duty was expressly due, whereas in the present case the defendant was a trespasser at the time of the injury. Under the facts of this case, it is clear that defendant's general relation to the premises did not make him responsible to either his principal or to third persons for their safe condition.

The only remaining question, then, is whether defendant, by reason of having employed Stenso, is responsible for his negligence. This must be answered in the negative. The general rule of law is that an agent is not responsible for the negligence or want of skill of a subagent employed by him, where such employment was necessary to the transaction of the business intrusted to him, and he has used reasonable diligence in his choice as to the skill and ability of the subagent. *Tiernan* v. *Bank* (Miss.) 40 Am. Dec. 83; *Baldwin* v. *Bank* (La.) 45 Am. Dec. 72; *Conwell* v. *Voorhees,* 13 Ohio, 523, 42 Am. Dec. 206. In *Barnard* v. *Coffin,* 141 Mass. 37, 6 N. E. Rep. 364, 55 Am. Rep. 443, the court said that the principle which runs through the cases is that if an agent employs a subagent for his principal, and by his authority, express or implied, then the subagent is the agent of the principal, and is directly responsible to the principal for his conduct, and, so far as damage results from the conduct of the subagent, the agent is only responsible for a want of due care in selecting the subagent. The doctrine of these cases is also embodied in the statutory law of this state. Section 4348, Rev. Codes, provides that "a subagent lawfully appointed represents the principal in like manner with the original agent, and the original agent is not responsible to third persons for the acts of the subagent." The rule of law embraced in the section just quoted exonerates defendant from liability. He had authority to employ some one to build the fence. The work to be done was of the commonest kind, and did not require skill or peculiar fitness, and in employing Stenso he intrusted the erection of the fence to a person competent for the purpose of his employment. That was the extent of his duty, and, there being no breach of duty to his principal or to the public, he cannot be charged with negligence.

We have not found it necessary to determine whether the construction of the fence in question was, under the peculiar circumstances of this case, actionable negligence, so as to render those legally responsible for its condition liable for damages caused thereby. Our decision is confined to the single question of defendant's liability, and we have assumed, merely for the purposes of this case, but without deciding the question, that the construction of the fence in the place and manner narrated constituted actionable negligence. The cases are numerous, however, holding that, while barbed wire may be lawfully used for fencing purposes, nevertheless conditions may exist which render its use dangerous, and render the persons responsible for its construction or neglected condition liable for damages resulting therefrom. *Carskaddon* v. *Mills,* 5 Ind. App. 22, 31 N. E. Rep. 559; *Sisk* v. *Crump,* 112 Ind. 504, 14

N. E. 381, 2 Am. St. Rep. 213; *McFarland* v. *Lillard,* 2 Ind. App. 160, 28 N. E. Rep. 229; *Lowe* v. *Guard,* 11 Ind. App. 472, 39 N. E. Rep. 428; *Gould* v. *Railroad Co.,* 82 Me. 122, 19 Atl. Rep. 84; *Loveland* v. *Gardner* (Cal.) 21 Pac. Rep. 766, 4 L. R. A. 395. Also, 12 Am. & Eng. Enc L. (2d Ed.) 1039, and cases cited. The judgment of the District Court is affirmed. All concur.