EFFIE CRAMBLITT, Appellee, v. PERCIVAL-PORTER COMPANY, Appellant.

**NEGLIGENCE:   Independent Contractor—Landlord and Tenant.   A**
1   landlord is liable in damages to a tenant injured by reason of the negligent act of the owner's *independent* contractor if the owner *knows* of the negligent act of his independent contractor and *knows* it renders the place unsafe for tenants and negligently *allows* the unsafe condition to continue (holding, *arguendo*).

**PRINCIPAL AND AGENT:   Agent's Liability to Third Persons—**
2   **Nonfeasance.**   An agent is not liable to a third person for *nonfeasance*—for a failure to discharge a duty which he owes to his principal, even though the principal owes that duty to such third person.

PRINCIPLE APPLIED:   The electrical wiring of an occupied apartment house was let to one who was strictly an independent contractor.   Defendant had no property interest in the building, but, as agent of the owner, had charge and control of the building,

and, *arguendo*, it was conceded that said defendant (a) represented said owner, under authority from the owner, in directing the carrying on of the wiring, and (b) had contracted with the owner to keep the premises in a safe condition. Said contractor, unknown to plaintiff, took up a board leading to plaintiff's apartments and negligently failed to guard the opening, and, within three hours thereafter, plaintiff, in the darkness, fell therein and was injured. Defendant did no affirmative act of negligence. *Held,* plaintiff could not maintain an action against the agent for her injuries.

*Appeal from Polk District Court.*—W. S. AYRES, Judge.

THURSDAY, JUNE 29, 1916.

ACTION to recover damages for personal injury. Verdict and judgment for the plaintiff in the court below. Defendant appeals.—*Reversed.*

*Stipp, Perry & Starzinger,* for appellant.

*Franklin & Miller,* for appellee.

GAYNOR, J.—Plaintiff occupied a suite of rooms in an apartment house. At the time she entered into possession of the rooms, she did so under a lease from one Mesmer. Subsequently, and prior to the injury of which she complains, the building in which these rooms were situated was sold to one Mary A. Porter, and the lease which the plaintiff had with Mesmer was also assigned to her. Mary A. Porter was the owner of this building at the time the accident happened, of which plaintiff complains. The plaintiff's rooms were on the third floor of the building and were reached by a stariway. In front of plaintiff's rooms was a large hallway, reserved by the landlord for the use of the tenants of the rooms upon that floor. A janitor was employed, whose duty it was to keep the halls and steps clean, and keep the apartments heated in winter. He had charge and control over the stairway for the use of tenants to get to and from the rooms, and it was part of his duty to keep lights burning in the hall. The

defendant was the agent of the owner, and had the control and management of the building for her, collected the rents, and had general charge of the repairs.

In the spring of 1911, Mary A. Porter, by written contract, employed William M. Lennan & Company, electrical contractors, to wire this building, and these contractors had exclusive direction and control of the method and means to be pursued in accomplishing this result, and neither the owner of the premises nor the defendant reserved or exercised any direction or control as to the manner or method to be used in accomplishing these results. The owner of the building, Mary A. Porter, took the initiative in this matter, employed these contractors to do this work, and frequently visited the premises during the progress of the work. Whatever was done in and about the landing leading to plaintiff's apartment was done by the workmen of these electrical contractors. Plaintiff's contention is that, in the progress of the work, they removed a board from the floor of this hallway in front of the rooms occupied by her, and, without replacing the board, placed an oilcloth over it; that she returned home at night, in the evening, when it was dark and the hall unlighted, stepped into this hole and was severely injured. There is no evidence that the defendant or Mary A. Porter had actual knowledge of the alleged opening in the landing. It had existed for about three hours and was covered with an oilcloth. There is no controversy as to these facts.

Plaintiff brings this action against the defendant, and seeks to hold it responsible for her injuries. The plaintiff brought her action originally against the defendant as owner of the building. The defense interposed was nonliability, on the ground that the condition which caused her injury was the result of the negligence of an independent contractor, for which this defendant was not liable. Upon that trial, it was stipulated for the purposes of that case as follows:

The defendant is a corporation organized under the laws

of the state of Iowa. Harvey M. Porter was managing director of defendant company at the time this cause of action arose; as such managing director, he had power and authority to represent the defendant corporation, and did so represent the defendant corporation in the remodeling of the premises described in plaintiff's petition, and the work was prosecuted under his direction while he was acting for this corporation. This stipulation was introduced in evidence. Upon this hearing, the evidence disclosed without contradiction, except as contradicted by the above stipulation, that Mr. Porter did not personally supervise the making of any alterations in the building. No good purpose would be accomplished by setting out the facts as disclosed in this record, since, under the undisputed facts, we find that the plaintiff is not entitled to recover.

In the court below, a verdict was returned for the plaintiff, and, judgment being entered upon the verdict, defendant appeals. The record discloses that the defendant was the agent of the landlord in the management and control of this building generally, collected the rents, and had a duty to her to see that it was kept in reasonable repair. The record does not show that the defendant assumed any duty touching this wiring, or the work out of which the condition arose which caused the injury.

Where one owes a positive contractual duty, or a duty arising out of a contract or a legal duty, to another, to maintain a place, for the use of the other, in a condition that is reasonably safe for the use to which it is to be put, a failure to so maintain it is a failure to discharge a duty imposed by law or contract; and, if injury results to the party to whom the duty is owed, as a proximate result of this failure, an action based on negligence arises. This is the basis on which the rule rests that makes the master liable to his servant, if, peradventure, the master fails to furnish the servant a reasonably safe place in which to discharge the duties assigned

1. NEGLIGENCE: independent contractor: landlord and tenant.

him by the master. The principle upon which this rule is founded has equal application to the duty which the landlord owes to his tenants, when, having leased several apartments, he reserves to himself and under his control, the stairway and landings for the common use of all. Out of this relationship of landlord and tenant arises a duty to see that the place so retained and devoted to the use of the several tenants is kept and maintained in a reasonably safe condition for their use. When this duty is the master's duty, or when this duty is the landlord's duty, personally owed by him to the servant or to the tenant, it devolves upon him to exercise reasonable care to see that this duty is performed. It is a duty which the master himself owes, therefore not delegable to another. By whatever hand the duty is undertaken, it is still the hand of the master. Where conditions arise that, in and of themselves, are violative of the duty which the master owes, and involve peril to the one to whom the duty is owed, it matters not by whom the condition was brought about. If the master permits that to be done which, in the doing or in the manner of the doing, creates a condition which reaches back and involves the master's original duty and is violative of it, the master is chargeable for injuries resulting therefrom.

In the case at bar, we are not concerned with the negligence of the independent contractor in leaving the board out. We may assume, under the record and for the purposes of this case, that the board was left out—left out by the negligent act of an independent contractor; that this left the place unsafe and dangerous for the use of the tenant. The act of the independent contractor in creating the danger, however negligent, is not chargeable to the landlord. That is not the landlord's negligence upon which liability is predicated. The liability of the master rests upon the fact that he owed a duty to keep the place in a reasonably safe condition, and this duty was not discharged, and injury resulted as a proximate result thereof. The landlord's liability rests, if at all, upon his

failure to keep the place in a reasonably safe condition for the use of the tenants. Out of the relationship of landlord and tenant, under the circumstances of this case, this duty was created.

In the case at bar, the owner or landlord owed a duty to the tenants to keep the place where this accident occurred in a reasonably safe condition for the use of the tenants, and, if he failed in this duty and injury resulted, the landlord became liable therefor, and this, whether the unsafe condition complained of resulted from his own negligence, the negligence of his servants, or from the negligence of an independent contractor and his servant.

"An independent contractor is one who, exercising an independent employment, contracts to do a piece of work according to his own methods, and without being subject to the control of his employer, except as to the result of his work." See *Humpton v. Unterkircher,* 97 Iowa 509; *Overhouser v. American Cereal Co.,* 118 Iowa 417; *Hughbanks v. Boston Investment Co.,* 92 Iowa 267.

It follows, therefore, that the employer of an independent contractor is not liable for the *negligent act* of the *independent contractor* resulting in injuries to third persons *to whom the employer owed no duty of protection.* Under such circumstances, the negligent act of the independent contractor and its consequences are not chargeable to the employer, because the injury was not the result of the negligent act of the employer, and resulted to one to whom the employer owed no duty of protection against the consequences of the act. See *Francis v. Johnson,* 127 Iowa 391; *Hoff v. Shockley,* 122 Iowa 720.

In the case at bar, the landlord owed a positive duty to the tenants to keep this hallway in a reasonably safe condition. If not kept in that condition, the landlord's duty to the tenant was violated. The violation of this duty involved actionable negligence, under the particular circumstances of this case, as to the landlord. There is no evidence that the

landlord was guilty of any affirmative negligent act in creating the condition which caused plaintiff's injury. There is no evidence that the landlord had actual knowledge of the opening left in the landing. There is no evidence from which it could be reasonably inferred that the landlord knew, or had reason to know, that the work required of this independent contractor, in its full and fair discharge under his contract, would create the condition which we must assume existed at the time plaintiff claims to have received her injuries. It is certainly true that the landlord had no knowledge of the existence of this defect in the floor of the hallway, until long after the happening of the injury of which plaintiff complains. The condition was created by the act of an independent contractor in performing duties which did not, in and of themselves, involve the leaving of this unprotected opening in the hallway. Neither the landlord nor this defendant directed or controlled the manner in which the work should be done that was required of this independent contractor. The work was done by the independent contractor, through its servants, in the manner which to them appeared reasonably necessary for the full performance and completion of the work that they had undertaken. The landlord is not liable for the *negligence of this independent contractor and its workmen* in leaving this hole in the floor. The negligence, if any, of the landlord, must be traced to the violation of that duty which she owed to the tenant to keep this landing in a reasonably safe condition for the use of all the tenants. If it did, in fact, become in an unsafe condition, with the knowledge of the landlord, even though this condition grew out of the negligence of the independent contractor, and the landlord permitted it to remain so, and thereby exposed her tenants to danger, the landlord violated her duty, and to this, her liability, if any, is traceable.

It must be kept in mind that the plaintiff originally was the tenant of one Carl W. Mesmer under a written lease; that, subsequently, Mary A. Porter purchased from Mesmer

the premises so leased, and took an assignment of plaintiff's lease; that, thereafter, the relation of landlord and tenant existed between the plaintiff and Mary A. Porter. The obligation to maintain this common landing in a safe condition grew out of the contractual relationship existing between Mary A. Porter and the plaintiff. It was a personal duty which she assumed to this plaintiff because of that relationship, and of her control over this common landing to which plaintiff was given access.

So much for the law that governed the relationship between Mary A. Porter and the plaintiff growing out of the contractual relationship created by the lease. So much for the duty which Mary A. Porter owed to the plaintiff to see that this common landing, reserved by her and over which she assumed control, was kept in a reasonably safe condition for the use of the plaintiff.

As to the defendant, a different rule applies. There was no contractual relation between the plaintiff and the defendant; nor did the defendant assume any contractual relationship to her, with reference to maintaining this landing in a reasonably safe condition for her use. Concede that the stipulation made at the former trial exposes the true relationship of the defendant to the subject-matter of this controversy; assume that Harvey M. Porter was managing director of the defendant corporation at the time this action arose—that, as such managing director, he had power and authority to represent the defendant corporation, and did so represent the defendant corporation in the remodeling of the premises described in plaintiff's petition, and that the work there prosecuted was under his direction while acting for the corporation. This stipulation makes plain this fact, and this fact only, so far as material to this: that Harvey M. Porter represented the defendant company and had authority to do so in the remodeling of the premises; that the work was prosecuted under his direction while acting for the corporation.

2. PRINCIPAL AND AGENT: agent's liability to third persons: nonfeasance.

The question arises, From whom did the defendant corporation get authority to act in the premises? We must assume that this authority was granted to it by the owner of the building, under some arrangement or contract with the owner of the building, Mary A. Porter. The defendant was not the owner of the building, nor did it have any interest in the building, nor in the tenants, nor in the wiring of the building under the contract with Lennan, except as agent and representative of the owner, the landlord. The undisputed evidence is that this Percival-Porter Company never owned this apartment house, and never had any property interest in it. Whatever duty it assumed, touching the management and control of this building, was a duty assumed by it to the landlord under some contractual relationship with her. What this relationship was does not appear, further than that it was acting as agent for the owner, and, as such, had charge and control of the building, and directed, through Mr. Porter, the making of the alterations. The only affirmative act touching the wiring of this building with which the defendant, through Mr. Porter, was connected, involves the letting of the contract to Lennan & Company. This contract was the contract of the landlord with Lennan & Company, and not that of the defendant. It seems that the landlord, Mary A. Porter, desired to have this building wired. She advertised for bids. Among the bidders were Lennan & Company. Lennan & Company being the lowest bidders, the contract to wire the building was let by her to them. They became independent contractors. As the landlord could not be liable for the independent affirmative negligence of these independent contractors, unless this affirmative independent negligence created or left a condition which violated some duty which she, as landlord, owed to the plaintiff, the defendant, under no circumstances, could be rendered liable for any active negligence of the independent contractors which did not create or leave a condition which violated some duty, contractual or otherwise, which it owed to the plaintiff. All contractual

duty and all legal duty which the defendant owed in the premises was under and by virtue of its contractual relationship with the owner, by which it became the agent of the owner for the supervision and control of this building. Whatever duties it assumed were duties to the owner. Whatever duties it assumed and failed to perform were duties assumed towards the owner and neglected. Touching the manner in which this hallway was kept, if it owed any affirmative duty at all, that affirmative duty was owed to the owner, and not to the tenant. The record does not disclose that it assumed any affirmative duty, even to the owner, touching the keeping of this hallway in safe condition. Even if it did assume such duty and neglected it, it was negligence to perform a duty which it owed to the owner and not to this plaintiff. It is not contended that either the owner or the defendant was guilty of any affirmative act of negligence in the creation of the condition which caused plaintiff's injury. The most that can be said of the defendant is that it neglected to perform some affirmative duty which it owed to the owner. It is a case of nonfeasance, and not of malfeasance, on the part of the defendant as to anyone. The condition that caused plaintiff's injury was created and left exposed by the active negligence of one to whom the owner had given the wiring of this building in charge. The condition had existed less than three hours before the injury occurred, and neither the landlord nor the defendant had any knowledge of its existence before the happening of the injury. There is nothing in the record disclosing that the defendant had assumed any affirmative duty to keep this hallway in repair, out of which arose any duty on its part to the plaintiff to see that it was kept in repair. The duty to keep it in repair was the duty of the landlord, a failure to discharge which, in a proper case, may create actionable negligence.

While it is true that the principal is liable for the carelessness of the agent, the converse is not true—that the agent

is liable for the failure of the principal to discharge affirmative duties which he may owe.   While it is true, under the doctrine of *respondeat superior*, that, where the relation of principal and agent exists as to third persons, the principal is liable for the acts or omissions of the agent within the scope of his employment, the doctrine has no application as between an independent contractor and the principal.   In such cases, the owner is not answerable for the acts or omissions of the independent contractor, except where injury occurs to one to whom the owner owes a positive duty to protect against the consequences of the act or condition which causes the injury. Then the liability rests, primarily, not upon the negligence of the independent contractor, but upon the negligence of the principal in failing to protect the person against the consequences which result to him from the negligence of the independent contractor, where the duty of protection exists.

The defendant was not plaintiff's landlord.   It owed her no duty because of the existence of such relationship.   The action is in tort, and rests upon the failure of the landlord to keep the hallway, to which plaintiff was given access, in a reasonably safe condition.   We assume that it was the landlord's duty to do this, under the circumstances of this case. The effort here is to charge the defendant, as agent of the landlord, with the same duty, and to predicate liability on the failure to discharge that duty.   The defendant was acting in a purely representative capacity, representing the landlord.   Whatever rights it acquired in and about this building were obtained from her.   Whatever duties it assumed, touching the management of the building, were duties it assumed to her.   No liability can be predicated by this plaintiff upon a failure of this agent to discharge any contractual duty which it owed to her as landlord.   If it is to be liable at all, the liability must be predicated upon something that it did. If the record discloses that the defendant was guilty of some misfeasance or trespass or malfeasance which resulted in injury to the plaintiff, it would be liable to her, and could

not shield itself and claim that in so doing it was acting for another.

The general rule is that an agent is not liable to a stranger simply for nonfeasance, for a failure to discharge some duty which he owes to his master or principal, even though the master or principal owes that duty to the person injured. The agent may be liable as for a breach of contract, but only to his principal. Such breach, however, is not a tort of which a stranger may complain. In the instant case, if the defendant owed any duty to keep this building in safe repair, it was a duty which it owed to the owner, growing out of some relationship existing between them. If it assumed to discharge this duty and was guilty of some active negligence to the hurt of the plaintiff, it would be clearly liable to her as for tort; but a mere failure to discharge the obligations assumed under the contractual relationship with the owner, a mere failure to perform those duties, was a breach of the contractual duty to the owner of which the owner might complain, but of which no stranger to such contractual relationship could complain. See *Murray v. Usher,* 117 N. Y. 542 (23 N. E. 564); *Cincinnati, N. O. & T. P. R. Co. v. Robertson,* 115 Ky. 858 (74 S. W. 1061); *Williams v. Dean,* 134 Iowa 216.

In *Dean v. Brock* (Ind.), 38 N. E. 829, we find this language:

"An agent, while obeying the command or performing the service of the principal, is not justified in committing a tort; and, if he does, not only the principal, but the agent, may be made to answer in damages therefor. But where a duty rests on the principal, and not on the agent, its nonperformance by the latter creates no liability as against him, if injury results. True, he may owe a duty to the principal to faithfully discharge his duties as agent; but he owes no duty to others, except that, in the performance of those duties, he shall not do anything which will cause injury to them. If the agent fails to perform a duty which he owes to the principal, and, by reason of such nonperformance or neglect of

duty, a third person sustains injury, no action can be maintained against the agent by such third person on account thereof."

In the case at bar, the defendant did not undertake to wire this house for the landlord; nor did it assume any duty to the landlord or to anyone else, as to the manner in which this work should be done. The duty of wiring this house had been delegated by the landlord to an independent contractor. Over this contractor, the defendant here was given and assumed no control. The defendant was guilty of no active negligence or misfeasance in this work. The condition that resulted in the injury to the plaintiff was a condition that grew out of the negligent act of this independent contractor. Of this condition, neither the landlord nor the defendant had any knowledge prior to the injury. See *Kuhnert v. Angell*, 10 N. D. 59 (84 N. W. 579, 88 Am. St. Rep. 675); *Bianki v. Greater American Exposition Co.* (Neb.), 92 N. W. 615.

We think the plaintiff has wholly failed to make a case of actionable negligence against the defendant; that the motion for a directed verdict should have been sustained; and the cause is therefore—*Reversed*.

Evans, C. J., Ladd and Salinger, JJ., concur.