Common Pleas Court of Cuyahoga County.

WALTER S. FIRESTONE v. ROSE SCHOENBERGER.

Decided March 27, 1931.

*Paul Howland,* attorney for plaintiff.
*O. G. Graeff,* attorney for defendant.

SAMUEL E. KRAMER, J.

This case is before the court on a motion to withdraw the testimony from the jury and enter judgment for the defendant.

The facts adduced in testimony by the plaintiff are that the defendant is the owner of a terrace apartment in which the plaintiff was a tenant; that the defendant contracted with one Heath, who is and has been in the business of interior decorating—including the refinishing of floors—for a period of from eight to twelve years, to refinish the floors in the suite occupied by the plaintiff. Heath was to receive for his work the sum of a dollar and a half an hour and twenty per cent. on materials furnished. He proceeded with the work, in the doing of which he used the ordinary material that is used in this

work, including a commercial varnish remover. While he was engaged in the work, and at a time when he was temporarily absent from the place where he was working a fire originated in the floor of the room upon which he was working; which fire spread rapidly and caused the plaintiff to be compelled to jump from a second story window, as a result of which he received some injury.

The motion herein is based upon two grounds: One that there is no evidence showing any negligence on the part of Heath in doing the work which caused the fire; the other that Heath was an independent contractor and if there were any negligence upon his part there would be no liability therefor on the part of the defendant.

Upon the first question, namely whether there was any negligence on the part of Heath, the court has already expressed its opinion against the motion.

Upon the second question the court has found that Heath was an independent contractor; that the defendant was guilty of no negligence in his employment, and that the work which he was called upon to perform was not inherently dangerous.

It is not disputed that the general rule of law is that under such circumstances the owner of the property, the defendant herein, would not be liable for any negligence on the part of Heath in the performance of the work.

It is claimed, however, by the defendant that this case is taken out of the usual rule of independent contractor by reason of the fact that the relation of landlord and tenant existed herein between the defendant and the plaintiff. He contends that it is the law that where the relation of landlord and tenant exists and the landlord undertakes to do repairs upon the property occupied by the tenant the rule of independent contractor does not apply and that the landlord is liable for the negligence of the independent contractor in the same manner as if that independent contractor were his agent or servant.

There are apparently only two cases in Ohio which touch upon this question. In view of this state of the authorities it seems justifiable to review the authorities cited from other states to determine the question herein raised. There have been the following cases cited:

*Koskoff* v. *Vogelman*, 86 Conn., 415. The syllabus of that case is:

"1. A landlord whose duty it is to keep the leased premises in repair cannot escape liability for their defective and dangerous condition merely because he has employed a competent carpenter to make such repairs as he may find to be necessary upon inspection. Under such circumstances the negligence of the carpenter either in the matter of inspection or repair is the negligence of the landlord."

It is to be noted that the liability in this case is based upon the landlord's duty to keep the passageway in repair. The holding is that he is not excused from the performance of that duty of employing a competent carpenter to look after the work for him.. The question of independent contractor is not specifically discussed, the court apparently assuming that the carpenter is the employe of the defendant.

*Vollrath* v. *Stevens*, 199 Missouri Appeals, 5. The syllabus reads:

"1. A landlord is under no obligation to make repairs to premises let, in the absence of a written agreement so to do, but if he voluntarily undertakes to make them he is bound to exercise ordinary care to see that the work is not negligently done and that they will last a reasonable length of time under the circumstances.

\*    \*    \*    \*    \*    \*    \*    \*

"4. If a lessor undertakes to have repairs made when he has not covenanted to do so, a duty is cast upon him to see that the repairs are made so as not to injure the tenant and the rule concerning independent contractors has no application, the accident having happened long after the repairs were made and accepted by the landlord."

The decision of the court upon the question of independent contractor herein is purely obiter, the court having already decided the case upon another ground before discussing this question. And again it is to be noted that the liability is rested upon the ground of the condition of the premises after the repairs were made, rather than negligence in the actual making of the repairs.

*Rankin* v. *Kountze,* 190 Nebraska, 69.

"Syl. 1. Where the janitor of a building used for rental purposes is also charged with the duty of making such light repairs from time to time as seem to him to be needed, and repairs the threshold of a room in one of the apartments of such building occupied and to be occupied by a tenant, he will be regarded as the servant of the proprietor of the building in the making of such repairs, and if the same are negligently made, and as a result of such negligence the tenant is injured, the proprietor of the building will be liable therefor."

There seems to be no question of independent contractor raised in this case, although there is some language used by the court which, taken out of its context, might indicate that there was some such discussion.

*R. C. H. Covington Co.* v. *Masonic Temple Co.,* 176 Kentucky, 729.

"Syl. Landlord and tenant. Independent Contractor. In making repairs to and improvements upon property which has been let to rent, although the work is done gratuitously by the landlord with the consent of the occupying tenant, the landlord owes a debt of reasonable care to the occupying tenant and he cannot absolve himself from this liability by employing an independent contractor to do the work if the work to be done is attended with danger to the tenant."

In this case the building was remodeled. The character of the work required the putting in of a steel ceiling in the room embraced by the lease and the removal of certain cast iron columns in front of the building which supported beams which upheld the front wall, and the placing of a steel beam across the front over the doorways and windows. About four years after the work was done the front wall collapsed. The holding in this case was based upon the ground that the work done was inherently dangerous to the tenant and therefore could not be delegated to an independent contractor.

*Michael and Brother* v. *The Billings Printing Company,* 150 Kentucky, 253.

"Syl. 3. If the landlord voluntarily undertakes to repair the leased premises and employs a contractor to

do the work, he will be liable to the extent for damages sustained by the negligence of the contractor, although the tenant may have consented to the making of the repairs and the contractor may have been what is usually called an independent contractor."

This case involves the repair to the drain down spouts of the leased building which the plaintiff alleges was done negligently, and in addition the claim is made that the defendant wrongfully took down the walls of the building, leaving the material and plant of the plaintiff exposed to the weather. The decision gives no reasoning for its support and as announced is in accord with the claim of the plaintiff herein.

*Cramblitt* v. *Percival Porter Company,* 176 Iowa, 733:

"Syl. 1. A landlord is liable in damages to a tenant injured by reason of the negligent act of the owner's independent contractor, if the owner knows of the negligent act of his independent contractor and knows it renders the place unsafe for tenants and negligently allows the unsafe condition to continue."

In its opinion the court makes it clear that it does not hold the landlord liable for the negligence of his independent contractor in leaving a hole in the floor. The court says, page 739:

"The negligence, if any, on the part of the landlord must be traced to the violation of that duty which he owed to the tenant to keep this building in a reasonably safe condition for the use of all the tenants."

*Oscar Ruff Drug Company* v. *Western Iowa Co.,* 191 Iowa, page 1035:

"Syl. A landlord who contracts with his tenant in possession to make specific repairs on the leased premises in consideration of an increased rental after the repairs by his own contractor, and in such a negligent manner as to cause the building to collapse, is liable to the tenant for the recurring damage to the tenant's stock of goods * * *."

The court here very specifically points out that there is no question of an independent contractor involved because it is conceded that the work was done under the express control and direction of the defendant.

*Doyle* v. *Franek,* 82 Nebraska, 606:

"Syl. 2. As a general rule a landlord is liable in damages for personal injuries sustained by his tenant in consequence of the leased premises being rendered dangerous and unsafe by the independent contractor in a performance of a contract with the landlord."

At page 609 the court says:

"It is urged that the negligence complained of was not the neglect of the defendant but that of an independent contractor. We do not think this contention is sound. Conceding that the relation of landlord and tenant existed between the parties to this action, we think it is clear that the landlord is not relieved of liability for injury to his tenant by the fact that he employed an independent contractor to perform the work of moving the house. So long as the relation of landlord and tenant existed between the parties the landlord owed a duty to the defendant not to do, or cause to be done, anything which would render the premises dangerous and unsafe for his tenant. Where one owes an absolute duty to another he cannot acquit himself of liability by delegating that duty to an independent contractor."

*Curtis* v. *Kiley,* 153 Mass., 123:

"Syl. If the owner of premises under his control employs an independent contractor to do work upon them which from its nature is likely to render the premises dangerous to persons who may come upon them by the owner's invitation, the owner, by reason of the contract is not relieved from the obligation of seeing that due care is used to protect such person."

A well reasoned decision is contained in the case of *Van Damm* v. *Doty-Salisbury Company,* 218 Michigan, 32:

"Syl. 1. In an action by a tenant against its landlord for damages to its property caused by the falling of a water tank due to the accumulation thereon of ice, instructions by the trial court that if the tank had become in such condition by the accumulation of ice upon it as to be a liability of the destruction or falling of the tank, the employing of independent contractors to remove the ice would not relieve the defendants, and that if the formation of the ice on the tank was due to defendant's negligence, the fact that its falling was due to the un-

skillful manner in which said contractors performed their work would not relieve defendant of liability, *held*, proper; Since the doctrine of 'independent contractor' has no application."

The court says, on page 36:

"* * * The instruction was predicated on a finding by the jury that the formation of the ice in and on the tank and its supports rendered the structure dangerous to the adjacent property; that such dangerous condition was due to the negligence of the defendant in permitting the ice to so form. If such were the facts the positive duty developed upon the defendant to abate the threatened injury. The performance of such a duty could not be delegated to another as an independent contractor so as to relieve the defendant from the negligent acts of the contractor in its performance. This exception to the general rule is, we think, well established and founded on reason. The defendant after discovering the condition of the tank and its supports due to the formation of the ice thereon, was chargeable with notice that it was dangerous to the occupants of the adjoining premises. The duty then devolved on it to remove this danger. While it acted with commendable promptness and let the contract to men recommended by responsible persons, this was not in itself a full performance of the duty. It continued to exist until the danger was removed and the work of removal could not be delegated to another in a manner to relieve defendant of liability for negligence of that other in its performance."

*Burns* v. *McDonald*, 57 Missouri Appeals 599:

"Syl. 1. A landlord who employs a competent and fit person to do a piece of work, not in itself unlawful or attended with danger to others, will not be answerable for the negligence of such person, if the latter occupies the position of an independent contractor; and that relation will exist, if the contractor is employed to do the work according to his own methods and is subject to control only as regards the result."

*Noggle Wholesale Manufacturing Company* v. *Sellers and Marquis Roofing Company*, 183 Southwestern, 659:

"Syl. 2. A landlord is not liable for the negligence of an independent contractor where such contractor is competent and the landlord is not negligent in selecting him."

The Ohio authority to which reference was originally made is the case of *Honnemeyer* v. *Fischer*, decided by the Hamilton county circuit court in 1905. 2 Ohio Law Reporter 402; 17 C. D. 8. It is there held:

"Syl. 1. The injury to furniture in a residence resulting from replacing the old roof with a new one is one that might be anticipated as a direct or probable consequence of the performance of the work if reasonable care is omitted in selecting the time of the performance; hence the doctrine that the independent contractor alone is responsible does not apply.

"Syl. 2. Where the injury occurred to the tenant's furniture by reason of the landlord's negligence in removing the roof of the house at a time when he knew that a heavy storm was impending, he is liable therefor, notwithstanding the storm was an unprecedented one, because the original negligence was the proximate cause and the unusual storm merely increased the amount of damages."

It appears that in substantially all the foregoing cases in which the landlord was held liable, the decision rests upon a finding first that under the facts of the case the landlord owed a special duty to plaintiff and then that he was negligent in the performance of that duty. The duty was to keep the premises in a reasonably safe condition for the tenant. He is held liable not because of the relation of landlord and tenant alone and because the independent contractor was negligent in doing the work, but because he had become responsible for the unsafe condition in the premises. This responsibility once being fixed it is held that the obligation arising therefrom cannot be delegated.

The question' then is, under what circumstances is this duty imposed upon the landlord?

In the various causes it is held to exist (1) where the landlord has covenanted to keep the premises in repair or (2) where the obligation to keep in repair is imposed by law, as in common stairways and passages, or (3) where the landlord undertakes repairs from the nature of which it is reasonably to be anticipated that injury will result to the tenant if not made in a careful man-

ner, and (4) where a dangerous condition exists upon the premises which the landlord undertakes to remedy.

This principle is well stated in *Cramblett* v. *Percival Porter Co., supra*:

"Where óne owes a positive contractual duty or a duty arising out of a contract or a legal duty to another to maintain a place for the use of the other or in a condition that is reasonably safe for the use to which it is to be put, a failure to so maintain it is a failure to discharge the duty imposed by law or contract, and if the injury results to the party to whom the duty is owed as a proximate result of this failure, an action based on negligence arises. This is the basis on which the rule rests that makes the master liable to his servant, if peradventure the master fails to furnish the servant a reasonably safe place in which to discharge the duties assigned him by the master. The principle upon which this rule is founded has equal application to the duty which the landlord owes to his tenants when having leased several apartments he reserves to himself and under his control the stairway and landings for the common use of all.

"Out of this relationship of landlord and tenant arises a duty to see that the place so retained and devoted to the use of the several tenants is kept and maintained in a reasonably safe condition for their use. When this duty is the master's duty or when this duty is the landlord's duty personally owed by him to the servant or to the tenant, it devolves upon him to exercise reasonable care to see that this duty is performed. It is a duty which the master himself owes, therefore not delegable to another.

"By whatever hand the duty is undertaken, it is still the hand of the master. Where conditions arise that in and of themselves are violative of the duty which the master owes, and involves peril to the one to whom the duty is owed, it matters not by whom the condition was brought about. If the master permits that to be done which in the doing or in the manner of the doing creates a condition which reaches back and involves the master's original duty and is violative of it, the master is chargeable for injuries resulting therefrom.

"We are not concerned in the case at bar with the negligence of the independent contractor in leaving the board out. We may assume under the record and for the purposes of this case that the board was left out—left out by the negligent act of an independent contractor; that this left the place unsafe and dangerous for the use of

the tenant. The act of the independent contractor in creating the damage, however negligent, is not chargeable to the landlord. It is not the landlord's negligence upon which the liability is predicated. The liability of the master rests upon the fact that he owed a duty to keep the place in a reasonably safe condition and that this duty was not discharged and injury resulted as the proximate result. The landlord's liability rests, if at all, upon his failure to keep the place in a reasonably safe condition for the use of the tenants. Out of the relationship of landlord and tenant, under the circumstances of this case, this duty was created."

*Sherwin and Redfield on Negligence* (6th Ed., Sec. 14):

"One who is personally bound to perform a duty cannot relieve himself from the burden of such obligation by any contract which he may make for its performance by another person. Therefore the fact that he may have used the utmost care in selecting an agent to perform this duty, or that he has entered into a contract with any person by which the latter undertakes to perform the duty, is no excuse to the person upon whom the obligation originally rested in case of failure of performance. His obligation is to do the thing, not merely to employ another to do it."

The language of the Supreme Court of Ohio in the case of *Harmony Company* v. *Underwood,* 118 Ohio St., 576, strongly evidences that that court would follow the law as found by this court herein and would not consider the owner of premises liable for the act of an independent contractor by reason of the fact alone that the work which was being done was upon the premises of the tenant.

In that case the landlord employed the J. H. Libby Company to put in some stone walks which were used in common by the tenants and it is alleged that they left a defect in the walk by virtue of which this tenant received injuries. The court held that a verdict should have been directed for the defendant upon the ground that the plaintiff was guilty of contributory negligence. The court says, however, page 577-8:

"The plaintiff launched her case upon the allegation that the realty company through its agents was engaged

in cementing the areaway and negligently placed crushed stone used therefor upon the sidewalk over which she had to pass from her apartment to the street. On that phase of the case she produces no testimony tending to show that such placing was done by any agent or employe of the defendant. It appears without contradiction that the realty company had contracted for the work of cementing the areaway with the J. H. Libby Company who exercised entire control and supervision thereof. The Libby Company was an independent contractor employed to do the work for a lump price and there is not a particle of evidence sustaining the allegation of the petition that the work was done by the defendants or any of its employees. However, the petition further alleged that the defendant was negligent in permitting the stones to remain and be on the sidewalk; and, if there be any liability attaching to the defendant, it can arise only from the lack of due care on its part in negligently permitting the stones to remain on the sidewalk, with knowledge, actual or constructive, of their existence, and under such circumstances that a reasonably prudent person would anticipate that an injury might result to its tenant using the sidewalk."

It appears to be evident that the instant case does not come within any of the exceptions to the rule of independent contractor laid down by the authorities. It is not a case where the premises were left in a dangerous condition by reason of the negligence of the contractor; it is not a case where the work undertaken to be done was inherently dangerous; it is not a case where the premises had become dangerous and the landlord undertook to render them safe.

The Court is therefore of the opinion that the motion should be granted upon the second ground herein claimed, namely, that the negligence, if any, which caused the injury to the plaintiff was that of an independent contractor for which negligence the defendant is not liable.