# JOHN A. HODSON v. WELLS & DICKEY COMPANY.

### (154 N. W. 193.)

**Agency — sales solicitor for lands — authority — representations as to land — contract of employment — provisions control.**

· Defendants appointed one Weese, a sales solicitor, to obtain purchaser for real estate in North Dakota under contract set forth in the opinion, and which contract contained the following clause: "No advertisement or other representations on your part that you are for any purposes an agent of said company will be permitted, the terms 'sales solicitor' being invariably used, and any violation of this provision shall of itself revoke this appointment and terminate your authority thereunder."

Plaintiff alleges that Weese induced him to purchase land by false representations as to its quality and value. *Held*, for reasons stated in the opinion, that the action will not lie, as it was not within the scope of the authority of Weese to make any representations as to the quality or value of the land.

### Opinion filed July 2, 1915.

Appeal from the District Court, Stutsman County; *Coffey, J.*
Reversed.

*Watson & Young* and *E. T. Conmy,* for appellant.

In the sale of lands, mere "words of praise" or "dealers' talk," even though relied upon by the purchaser, do not furnish ground for action for damages for fraud and deceit. It is the duty of the purchaser to investigate for himself. Failing in this, he takes his own chances. Kerr, Fr. & Mistake, p. 84; Van Horn v. Keenan, 28 Ill. 448; Miller v. Craig, 36 Ill. 111; Noetling v. Wright, 72 Ill. 391.

"A person has the right to exalt the value of his own property to the highest point his antagonist's credulity may bear," such is not actionable misrepresentation. Miller v. Craig, 36 Ill. 111; Mayo v. Wahlgreen, 9 Colo. App. 506, 50 Pac. 43; Buxton v. Jones, 120 Mich. 522, 79 N. W. 980; Stevens v. Alabama State Land Co. 121 Ala. 450, 25 So. 995; Moore v. Turbeville, 2 Bibb, 602, 5 Am. Dec. 642; 20 Cyc. 51–54; Bossingham v. Syck, 118 Iowa, 192, 91 N. W. 1047; Else v. Freeman, 72 Kan. 666, 83 Pac. 409; Wightman v. Tucker, 50 Ill. App. 75.

False representations by the vendor of land as to profits he has

realized, quantity of timber on it, richness of the soil, value of the land, are mere matters of opinion, and are not actionable. Crown v. Carriger, 66 Ala. 590; 48 Century Dig. § 40; Ott v. Pace, 43 Mont. 82, 115 Pac. 37; Saunders v. Hatterman, 24 N. C. (2 Ired. L.) 32, 37 Am. Dec. 404; Brown v. Bledsoe, 1 Idaho, 746; Else v. Freeman, 72 Kan. 666, 83 Pac. 409; Tretheway v. Hulett, 52 Minn. 448, 54 N. W. 486; Parker v. Moulton, 114 Mass. 99, 19 Am. Rep. 315; Davis v. Reynolds, 107 Me. 61, 77 Atl. 409; Armstrong v. White, — Ind. App. —, 34 N. E. 847; Lake v. Security Loan Asso. 72 Ala. 207; Williams v. McFadden, 23 Fla. 143, 11 Am. St. Rep. 345, 1 So. 618; Noetling v. Wright, 72 Ill. 390; Cagney v. Cuson, 77 Ind. 494; Hartman v. Flaherty, 80 Ind. 472; Shade v. Creviston, 93 Ind. 591; Picard v. McCormick, 11 Mich. 68; Doran v. Eaton, 40 Minn. 35, 41 N. W. 244; Union Nat. Bank v. Hunt, 76 Mo. 439.

No legal fraud can be predicted on "dealer's talk" or "words of praise." Heald v. Yumisko, 7 N. D. 428, 75 N. W. 806; Beare v. Wright, 14 N. D. 26, 69 L.R.A. 409, 103 N. W. 632, 8 Ann. Cas. 1057; Heyrock v. Surerus, 9 N. D. 28, 81 N. W. 36; Dowagiac Mfg. Co. v. Mahon, 13 N. D. 516, 101 N. W. 905.

Where a vendee has opportunity to see and inspect a piece of land before buying, he cannot later on be heard to say that he has been deceived as to its character and value. Harvey v. Smith, 17 Ind. 272; 20 Cyc. 32; Moore v. Turbeville, 2 Bibb, 602, 5 Am. Dec. 642; Morrill v. Madden, 35 Minn. 493, 29 N. W. 193, 37 Minn. 282, 34 N. W. 25; Anderson v. McPike, 86 Mo. 293; Fisher v. Dillon, 62 Ill. 379; Buxton v. Jones, 120 Mich. 522, 79 N. W. 980; Realty Invest. Co. v. Shafer, 91 Neb. 798, 137 N. W. 873; Long v. Warren, 68 N. Y. 426; Brown v. Smith, 109 Fed. 26; Scott v. Walton, 32 Or. 460, 52 Pac. 180; Lee v. McClelland, 120 Cal. 147, 52 Pac. 300; Peak v. Gore, 94 Ky. 533, 23 S. W. 356; Woodson v. Winchester, 16 Cal. App. 472, 117 Pac. 565; McKibbin v. Day, 71 Neb. 280, 98 N. W. 845; Long v. Kendall, 17 Okla. 70, 87 Pac. 670; Francois v. Cady Land Co. 149 Wis. 115, 135 N. W. 484; Saunders v. Hatterman, 24 N. C. (2 Ired. L.) 32, 37 Am. Dec. 404.

Opportunity to inspect precludes relief from fraudulent representations. Shepard v. Goben, 142 Ind. 318, 39 N. E. 506; Long v. Warren, 68 N. Y. 426; Wren v. Moncure, 95 Va. 369, 28 S. E. 588.

The rule of *caveat emptor* applies to the sale of real property. Collier v. Harkness, 26 Ga. 362, 71 Am. Dec. 216; Tretheway v. Hulett, 52 Minn. 448, 54 N. W. 486; Walsh v. Schmidt, 206 Mass. 405, 34 L.R.A.(N.S.) 798, 92 N. E. 496, 1 N. C. C. A. 906; Armstrong v. White, — Ind. App. —, 34 N. E. 847.

One cannot, in any event, be heard to say that he relied on the false statements of his vendor, when he himself knew as much about the land as the vendor. 20 Cyc. 49, 50; Dowagiac Mfg. Co. v. Mahon, 13 N. D. 516, 101 N. W. 905; Collins v. Jackson, 54 Mich. 186, 19 N. W. 947; Heyrock v. Surerus, 9 N. D. 28, 81 N. W. 36; McKibbin v. Day, 71 Neb. 280, 98 N. W. 845; Peak v. Gore, 94 Ky. 533, 23 S. W. 356; Long v. Kendall, 17 Okla. 70, 87 Pac. 670; Francois v. Cady Land Co. 149 Wis. 115, 135 N. W. 484; Saunders v. Hatterman, 24 N. C. (2 Ired. L.) 32, 37 Am. Dec. 404.

The statements relied upon here to show fraud were made without the scope of the agent's authority, and are not binding upon the defendant. One who purchases real estate from a nonresident owner, through a real estate broker, is bound to ascertain not only the terms of his authority, but also the correspondence by which such authority was obtained. Merritt v. Wassenich, 49 Fed. 785; Roberts v. Rumley, 58 Iowa, 301, 12 N. W. 323; Whart. Agency, § 163; Rice v. Peninsular Club, 52 Mich. 87, 17 N. W. 708; Chaffe v. Stubbs, 37 La. Ann. 656; Rust v. Eaton, 24 Fed. 830; Reitz v. Martin, 12 Ind. 306, 74 Am. Dec. 215; Hurley v. Watson, 68 Mich. 531, 36 N. W. 726; Snow v. Warner, 10 Met. 132, 43 Am. Dec. 417; Story, Agency, §§ 126, 133, and note; Dickinson County v. Mississippi Valley Ins. Co. 41 Iowa, 286; Beringer v. Meanor, 85 Pa. 223; Weise's Appeal, 72 Pa. 351; Dozier v. Freeman, 47 Miss. 647; Davidson v. Porter, 57 Ill. 300; Mechem, Agency, § 137; Plano Mfg. Co. v. Root, 3 N. D. 165, 54 N. W. 924; Reese v. Medlock, 27 Tex. 120, 84 Am. Dec. 611; Henry v. Lane, 62 C. C. A. 625, 128 Fed. 250; State, Decker, Prosecutor, v. Fredericks, 47 N. J. L. 469, 1 Atl. 470; Titus v. Cairo & F. R. Co. 46 N. J. L. 393; Dyer v. Duffy, 39 W. Va. 148, 24 L.R.A. 339, 19 S. E. 540; Advance Thresher Co. v. Roger, 123 La. 1067, 49 So. 709; Americus Oil Co. v. Gurr, 114 Ga. 624, 40 S. E. 780; Seibold v. Davis, 67 Iowa, 560, 25 N. W. 778; Monson v. Kill, 144 Ill. 248, 33 N. E. 43; Brown v. Grady, 16 Wyo. 151, 92 Pac. 622; Bowles v. Rice,

107 Va. 51, 57 S. E. 575; Batty v. Carswell, 2 Johns. 48; Schaeffer v. Mutual Ben. L. Ins. Co. 38 Mont. 459, 100 Pac. 225; Devinney v. Reynolds, 1 Watts & S. 328; National Union F. Ins. Co. v. John Spry Lumber Co. 235 Ill. 98, 85 N. E. 256; Williams v. Kerrick, 105 Minn. 254, 116 N. W. 1026; Tondro v. Cushman, 5 Wis. 279; Kelly v. Troy F. Ins. Co. 3 Wis. 254; Samson v. Beale, 27 Wash. 557, 68 Pac. 180; 31 Cyc. 1363, 1364; Mayo v. Wahlgreen, 9 Colo. App. 506, 50 Pac. 40; Kennedy v. McKay, 43 N. J. L. 288, 39 Am. Rep. 581; National Iron Armor Co. v. Bruner, 19 N. J. Eq. 335; Lansing v. Coleman, 58 Barb. 619; Daniels v. Bruce, — Ind. App. —, 93 N. E. 675; Cooley v. Perrine, 41 N. J. L. 322, 32 Am. Rep. 210; Dodd v. Farlow, 11 Allen, 426, 87 Am. Dec. 726.

"An authority to sell and convey real property includes the authority to give the usual covenants of warranty." These do not include the power to make representations as to the character or value or quality of the property. Rev. Codes 1905, §§ 5402, 5777, Comp. Laws 1913, §§ 5958, 6345.

A broker's authority is limited simply to the procuring of a purchaser for the land. Larson v. Newman, 19 N. D. 153, 23 L.R.A. (N.S.) 849, 121 N. W. 204; Ballou v. Bergvendsen, 9 N. D. 289, 83 N. W. 10; Brandrup v. Britten, 11 N. D. 376, 92 N. W. 453; Plano Mfg. Co. v. Root, 3 N. D. 165, 54 N. W. 924.

The principal alone, if anybody, is liable for the acts and statements of a subagent. Kuhnert v. Angell, 10 N. D. 59, 88 Am. St. Rep. 675, 84 N. W. 579; Mechem, Agency, §§ 193, 197; 1 Am. & Eng. Enc. Law, 979, 981; Barnard v. Coffin, 141 Mass. 37, 55 Am. Rep. 443, 6 N. E. 364; Renwick v. Bancroft, 56 Iowa, 527, 9 N. W. 367; Nelson v. Title Trust Co. 52 Wash. 258, 100 Pac. 730; Eastland v. Maney, 36 Tex. Civ. App. 147, 81 S. W. 574; 1 Am. & Eng. Enc. Law, 2d ed. 985; Fritz v. Chicago Grain & Elevator Co. 136 Iowa, 699, 114 N. W. 193; Williams v. Moore, 24 Tex. Civ. App. 402, 58 S. W. 953; McKinnon v. Vollmar, 75 Wis. 82, 6 L.R.A. 121, 17 Am. St. Rep. 178, 43 N. W. 800; Clark & S. Agency, § 345, (d) p. 377; Bound v. Simkins, — Tex. Civ. App. —, 151 S. W. 573.

It is competent for an agent to sell lands, to employ a subagent to show the lands to prospective buyers. McKinnon v. Vollmar, 75 Wis. 82, 6 L.R.A. 121, 17 Am. St. Rep. 178, 43 N. W. 800; National Bank

v. Johnson, 6 N. D. 180, 69 N. W. 49; Davis v. King, 66 Conn. 465,. 50 Am. St. Rep. 104, 34 Atl. 107; Schloss Bros. & Co. v. Gibson Dry Goods Co. 6 Ala. App. 155, 60 So. 436; Michael v. Crawford, — Tex. Civ. App. —, 150 S. W. 465; Tippecanoe Loan & T. Co. v. Jester, 180 Ind. 357, L.R.A. 1915E, 721, 101 N. E. 915; Wright v. Isaacks, 43 Tex. Civ. App. 223, 95 S. W. 55; Breck v. Meeker, 68 Neb. 99, 93. N. W. 993; 31 Cyc. 1427; Calhoon v. Buhre, 75 N. J. L. 439, 67 Atl. 1068; 31 Cyc. 1427; 1 Am. & Eng. Enc. Law, 981; Bank of California v. Western U. Teleg. Co. 52 Cal. 280; Gum v. Equitable Trust Co.. 1 McCrary, 51, Fed. Cas. No. 5,867; Corcoran v. Hinkel, 4 Cal. Unrep. 360, 34 Pac. 1031; Davis v. King, 66 Conn. 465, 50 Am. St. Rep. 104, 34 Atl. 107; Fanset v. Garden City State Bank, 24 S. D. 248,. 123 N. W. 688.

"Subagent lawfully appointed represents the principal in like manner with the original agent; and the original agent is not responsible to third persons for the acts of the subagents. Fairchild v. King, 102 Cal. 320, 36 Pac. 649; Bank of California v. Western U. Teleg. Co. 52 Cal. 280; Smith v. National Bank, 191 Fed. 226; Rev. Codes 1905, §§ 5794, 5796, Comp. Laws 1913, §§ 6362, 6364.

But there is nothing in the record to show that the statements made by the subagent were made with intent to deceive plaintiff. Rev. Codes 1905, § 5388, Comp. Laws 1913, § 5944; 9 Decen. Dig. "Fraud," § 58 (1); 20 Cyc. 24–27; Miller v. Howell, 2 Ill. 499, 32 Am. Dec. 37.

"Fraud is not established and relief will not in general be granted, without proof that the party who made the false representation knew at the time that it was false. The law raises no presumption of knowledge from the mere fact that the representation is false." Anderson v. McPike, 86 Mo. 294; Nelson v. Minneapolis Street R. Co. 61 Minn. 167, 63 N. W. 486; Stubbs v. Johnson, 127 Mass. 219; Kelly v. Pioneer Press Co. 94 Minn. 448, 103 N. W. 330; 9 Decen. Dig.. "Fraud," § 13 (2); Brown v. Bledsoe, 1 Idaho, 746.

"Opinions of experts as to the value of property are incompetent,. where the witnesses fail to first show a sufficient knowledge of the subject to form opinions." Haight v. Kimbark, 51 Iowa, 13, 50 N. W. 577; Lee v. Clute, 10 Nev. 149; Rich v. Jones, 9 Cush. 329; Half v.. Curtis, 68 Tex. 640, 5 S. W. 451; Gates v. Chicago & A. R. Co. 44 Mo..

App. 488; Mendum v. Com. 6 Rand. (Va.) 704; Levee Comrs. v. Dillard, 76 Miss. 641, 25 So. 292; Tyler Southeastern R. Co. v. Hitchins, 26 Tex. Civ. App. 400, 63 S. W. 1069; Chicago, R. I. & T. R. Co. v. Douglass, 33 Tex. Civ. App. 262, 76 S. W. 449; Louisiana R. & Nav. Co. v. Sarpy, 117 La. 156, 41 So. 477; Flint v. Flint, 6 Allen, 34, 83 Am. Dec. 615; Cochrane v. Com. 175 Mass. 299, 78 Am. St. Rep. 491, 56 N. E. 610.

It is the duty of the trial court to instruct the jury upon all material matters of law raised by the evidence in the case, whether requested so to do or not. The charge should cover all such matters at least in a general way. Moline Plow Co. v. Gilbert, 3 Dak. 239, 15 N. W. 1; Owen v. Owen, 22 Iowa, 270; Forzen v. Hurd, 20 N. D. 42, 126 N. W. 224; Barton v. Gray, 57 Mich. 622, 24 N. W. 638; Putnam v. Prouty, 24 N. D. 531, 140 N. W. 93; Moline Plow Co. v. Gilbert, 3 Dak. 239, 15 N. W. 1.

*M. C. Freerks* and *Buck & Jorgenson,* for respondent.

If representations were fraudulently made with the intent to induce plaintiff to rely upon them as facts, and to act and contract upon the belief thus induced, the wrongdoer succeeding in such purpose is not to be shielded from responsibility by the plea that the defrauded party would have discovered the fraud and falseness of the representations if he had followed up such means of information as were available to him. Fargo Gas & Coke Co. v. Fargo Gas & Electric Co. 4 N. D. 219, 37 L.R.A. 593, 59 N. W. 1066; Roberts v. Holliday, 10 S. D. 576, 74 N. W. 1034; Hunt v. Barker, 22 R. I. 18, 84 Am. St. Rep. 812, 46 Atl. 46; Tacoma v. Tacoma Light & Water Co. 17 Wash. 458, 50 Pac. 55; Speed v. Hollingsworth, 54 Kan. 436, 38 Pac. 496; Sockman v. Keim, 19 N. D. 317, 124 N. W. 64; Luncheon v. Wocknitz, 21 S. D. 285, 111 N. W. 632; McCabe v. Desnoyers, 20 S. D. 581, 108 N. W. 341; Liland v. Tweto, 19 N. D. 551, 125 N. W. 1032; Chilson v. Houston, 9 N. D. 503, 84 N. W. 354; Gustafson v. Rustemeyer, 70 Conn. 125, 39 L.R.A. 644, 66 Am. St. Rep. 92, 39 Atl. 104; Andrew D. Meloy & Co. v. Donnelly, 119 Fed. 458; Lovejoy v. Isbell, 73 Conn. 368, 47 Atl. 682.

A party cannot claim the benefits of a contract made in his behalf by one assuming to act as agent, by whom the contract was procured,

without assuming the burdens.   Union Trust Co. v. Phillips, 7 S. D. 225, 63 N. W. 903.

If advantage is taken of any part of such a contract, the entire contract must be adopted.   Wyckoff v. Johnson, 2 S. D. 91, 48 N. W. 837; Joslin v. Miller, 14 Neb. 91, 15 N. W. 214; Kickland v. Menasha Wooden Ware Co. 68 Wis. 34, 60 Am. Rep. 831, 31 N. W. 471; Elwell v. Chamberlain, 31 N. Y. 619.

"An agent for a particular act or transaction is called a special agent. All others are general."   Comp. Laws 1913, § 5753.

The distinction between a general and a special agent is that one is created by the power given to do acts of a class and the other by power to do individual acts only.   Butler v. Maples, 9 Wall. 766, 19 L. ed. 822; Rev. Codes 1905, § 577, Comp. Laws 1913, § 6340.

It is within the scope of the authority of a real estate agent to represent the acreage of a tract of land in his hands for sale, and the principal is liable for false and fraudulent representations made by the agent in such respect.   Judd v. Walker, 114 Mo. App. 128, 89 S. W. 558; People v. Terwilliger, 59 Misc. 617, 110 N. Y. Supp. 1034; Darks v. Scudder-Gale Grocer Co. 146 Mo. App. 246, 130 S. W. 430.

A principal is chargeable with the fraudulent acts and declarations of a special agent, done and made for the purpose of effecting a sale, though not commissioned to commit a fraud.   Concord Bank v. Gregg, 14 N. H. 331; Clogston v. Martin, 182 Mass. 469, 65 N. E. 839; Reynolds v. Mayor, L. & Co. 39 App. Div. 218, 57 N. Y. Supp. 106; Green v. Des Garets, 210 N. Y. 79, 103 N. E. 964, 146 App. Div. 956, 131 N. Y. Supp. 1118; Dzuris v. Pierce, 216 Mass. 132, 103 N. E. 296; Foix v. Moeller, — Tex. Civ. App. —, 159 S. W. 1048; Sargent v. Barnes, — Tex. Civ. App. —, 159 S. W. 366; Kleine Bros. v. Gidcomb, — Tex. Civ. App. —, 152 S. W. 462; Haynor Mfg. Co. v. Davis, 147 N. C. 267, 17 L.R.A.(N.S.) 193, 61 S. E. 54.

Weese was a general agent, and the acts which he did and the statements he made in respect to the land come within the scope of his authority, and defendant not only accepted the benefits, but he did so with full knowledge of the fraud of his agent.   Feil v. Northwest German Farmers' Mut. Ins. Co. 28 N. D. 355, 149 N. W. 358; Akin v. Johnson, 28 N. D. 205, 148 N. W. 536.

"An agent who contracts in his own name without disclosing the

31 N. D.—26.

principal may sue in his own name or be sued on such contract, and the third person, on discovery of the agency, may, at his election, proceed against either,—against the principal or the agent.   15 Current Law, 104; John Monroe & Co. v. Adams, 136 Ky. 252, 124 S. W. 296; Jewell v. Colonial Theatre Co. 12 Cal. App. 681, 108 Pac. 527; Leterman v. Charlottesville Lumber Co. 110 Va. 769, 67 S. E. 281; Bierce v. State Nat. Bank, 25 Okla. 44, 105 Pac. 195; Whitney v. Woodmansee, 15 Idaho, 735, 99 Pac. 968; Eddy v. American Amusement Co. 9 Cal. App. 624, 99 Pac. 1115; Fitzpatrick v. Manheimer, 157 Mich. 307, 122 N. W. 83; National German American Bank v. Lang, 2 N. D. 71, 49 N. W. 414.

False representations by seller, relied upon by buyer, are fraudulent and actionable, though seller believes them to be true.   McCabe v. Desnoyers, 20 S. D. 581, 108 N. W. 341.

BURKE, J.   Plaintiff is a resident of Indiana, fifty years of age, and a farmer by occupation.   The defendant is a well-known real estate brokerage company with an office in Minneapolis, Jamestown, and other places.   Mr. Weese was their agent under the terms of a written appointment, which will be hereinafter set forth.   His duties were to bring prospective buyers to North Dakota, and plaintiff was one of his customers.   When Weese and plaintiff arrived at Courtenay, they were joined by Mr. De Nault, manager of the Jamestown office of the defendant company, in an automobile, and plaintiff was shown several tracts of land.   Among those tracts was one known as the Hamilton Farm and another known as section 35, 143–65.   Plaintiff personally examined both of those tracts, especially the Hamilton Farm, upon which he made a thorough examination of the soil with a spade.   There is some dispute as to the extent of his examination of section 35, which, however, we do not consider material to a determination of this appeal. Plaintiff returned to Indiana, and, after some negotiations, decided that he would purchase the Hamilton Farm at around $50 an acre. However, by the time he had decided to make the purchase, the Hamilton Farm had been disposed of to other parties, and Weese suggested that he take in place thereof section 35, which he had seen upon his visit to North Dakota, at a price of $32.50 per acre.   This purchase was

accordingly made. Something over a year later, plaintiff brought this action alleging that he had been deceived by Weese as to the character of the soil and subsoil, and the value of section 35, alleging that if the land had been as represented to him it would have been worth $40 per acre, whereas in truth and fact it was not worth to exceed $20 per acre, wherefore he demands judgment for the difference, $12,800. Upon a trial to a jury, plaintiff recovered judgment for the sum of $4,800. Defendant appeals, assigning numerous errors, of which, however, we need mention but one group,—those relating to the scope of the authority of the agent, Weese.

(1) As already stated, defendants are real estate brokers with main offices in Minneapolis and a branch office at Jamestown, North Dakota. They employed Weese under a written appointment headed: "Authorization of Sales Solicitor," and reading in part as follows:

"During the year 1910, or until written notice given to you, you are hereby authorized to act as sales solicitor to solicit applications and secure buyers in the county of . . . for the purchase of lands in North Dakota, South Dakota, and Minnesota, which Wells & Dickey Company has for sale. For the services in obtaining the applications for the purchase of lands, the said Wells & Dickey Company agrees to pay you in the case where, as a direct result of your efforts, sales of such land are finally consummated, . . . the sum of $1 per acre. . . . It is hereby understood and agreed that sales are not fully closed, and under the commissions are not payable, until the entire cash payments have been made to this company at its office in Minneapolis, Minnesota, or Jamestown, North Dakota, accompanied by the execution and delivery to it of the required notes and contracts, or mortgages, and the acceptance on the part of the purchaser of the titles to be conveyed. It is understood and agreed that the foregoing commission will be paid only in case you bear all the traveling, entertainment, and general expenses incidental to bringing purchases to this company. . . . *No advertisement, or other representation on your part that you are for any purposes an agent of said company will be permitted. The term 'sales solicitor' being invariably used, and any violation of this pro-*

*vision shall of itself revoke this appointment and terminate your author-*
*ity thereunder.*

"(Signed)      Wells & Dickey Company.<br>"By ——————.

"I accept the foregoing appointment upon the terms above stated.

——————"

Appellant insists that the sale was made after a personal examination of the land, and that if any misrepresentations regarding the land were made, the same consisted of merely "trade talk," but more especially it insists that if any statements were made by Weese which could be construed to be fraudulent, the same were not within the scope of his authority, and not binding upon the defendant. In this we think appellant is correct. There is no claim that the defendant personally made any misrepresentations, nor that Mr. Weese's authority was anything excepting that shown by the written appointment, which we have quoted. It is well settled that a party dealing with the agent of a corporation must, at his peril, ascertain what authority the agent possesses, and is not at liberty to charge the principal by relying upon the agent's assumption of authority, which may prove to be entirely unfounded. Rice v. Peninsular Club, 52 Mich. 90, 17 N. W. 708; Mechem, Agency, § 137; Plano Mfg. Co. v. Root, 3 N. D. 165, 54 N. W. 924.

An examination of the appointment of Mr. Weese shows that his authority was limited to the duties of a sales solicitor. In Samson v. Beale, 27 Wash. 557, 68 Pac. 184, it is said: "An agent with restricted power to sell a tract of land at a given price has no power to bind his principal by any representation as to the quantity or quality of the land." At 31 Cyc. 1363, 1364, it is said: "The authority to sell land must be strictly pursued, and acts outside of the authority will not bind the principal." In Mayo v. Wahlgreen, 9 Colo. App. 506, 50 Pac. 40, it is said: "Where a vendor's agent has misrepresented lands sold by him, and there is no attempt on the part of the purchaser to rescind, he may bring his action for deceit only against the agent, unless he can trace some connection between the principal and the agent and thereby charge the principal with responsibility for the agent's misrepresenta-

tions." In National Iron Armor Co. v. Bruner, 19 N. J. Eq. 335, it is said: "An agent with restricted power to sell a tract of land at a given price has no power to bind his principal by any representation as to the quantity or quality of the land." See also Lansing v. Coleman, 58 Barb. 619, a leading case wherein it is said: "To hold that a person not authorized to make a sale, but simply to advertise the property for sale and procure someone to negotiate with the owner, can make representations or warranties binding upon the owner, without his authority or knowledge, would be too dangerous. The well-known office of such an agent is merely to initiate a negotiation, not to complete one. The parties proposing in such a case to purchase are necessarily referred to the principal for the actual negotiations, and there is no hardship in requiring, but, on the contrary, common prudence and justice to the vendor would seem to demand that the purchaser should come to him for the facts which are to influence the purchase." See also Ballou v. Bergvendsen, 9 N. D. 285, 83 N. W. 10; Brandrup v. Britten, 11 N. D. 376, 92 N. W. 453; Larson v. Newman, 19 N. D. 153, 23 L.R.A.(N.S.) 849, 121 N. W. 204; Kuhnert v. Angell, 10 N. D. 59, 84 N. W. 579, 1 Am. & Eng. Enc. Law,.981; Fanset v. Garden City State Bank, 24 S. D. 248, 123 N. W. 688.

Without going further into the case, it is sufficient to. say that plaintiff, under the proofs, cannot maintain this cause of action against the defendant, and a verdict should have been directed accordingly. Judgment of the trial court is reversed, and the proceedings ordered dismissed.