## HOBBS v. McGHEE.

No. 14057—Opinion Filed Sept. 16, 1924.

**1. Forcible Entry and Detainer—Notice to Vacate—Sufficiency.**

A substantial notice to quit and leave the premises, and not technical accuracy, is what the statute requires.

**2. Same.**

The primary purpose of a notice to vacate, in such a proceeding as the one under consideration, is to apprise the party to whom the notice is given of the description of the land desired to be vacated with such reasonable certainty that he could not be mistaken as to what land was meant.

**3. Same—Waiver of Notice.**

In an action for forcible or unlawful detention to recover possession of real property, the preliminary notice to terminate the tenancy prescribed by statute is waived where the tenant disclaims the relation of landlord and tenant, refused to pay rent to his landlord, and attorns to another.

**4. Appeal and Error—Sufficiency of Evidence—Judgment Sustained.**

In an action at law, a jury being waived, the judgment of the court has the same force and effect as the verdict of a jury, and if there is any evidence reasonably tending to support the judgment of the court, the judgment will not be disturbed by this court on appeal. Held, in the instant case that the judgment of the court is reasonably sustained by the evidence.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Ottawa County; S. C. Fullerton, Judge.

Action by Q. P. McGhee against W. N. Hobbs for the recovery of certain real estate in Castle Park addition to the City of Miami, Okla. unlawfully detained. Judgment for plaintiff. Defendant brings error. Affirmed.

Shannon & Shannon, for plaintiff in error.

J. G. Austin, for defendant in error.

Opinion by THOMPSON, C. This action was commenced before J. W. Kieff, justice of the peace of Miami, Ottawa county, Okla., by Q. P. McGhee, defendant in error, plaintiff below, against W. N. Hobbs, plaintiff in error, defendant below, to recover possession of lot 13, in block 1, Castle Park addition, and all of Castle Park. addition to the city of Miami, except lots 1, 2, 4, 14, and 15, in block 2, and lots 1, 2, 4, and 5 in block 9 of said addition, under the forcible entry and unlawful detainer statute of this state.

The parties will be referred to in this opinion as plaintiff and defendant as they appeared in the lower court.

The complaint alleges ownership of plaintiff, that he is the landlord and that defendant was unlawfully and forcibly. detaining the premises.

The cause was transferred under change of venue to the court of Will M. Zeiler, justice of the peace.

The defendant answered, alleging that he had rented the land as farm land from Jack Courtney, who was in possession thereof for a term of one year: that with the consent of his landlord, Jack Courtney, who was acting as agent for the owners of the land, he continued in possession of the property; that the plaintiff was the owner of an undivided one-fourth interest in the land and that J. J. Smith was the owner of an undivided one-fourth interest, excepting certain lots, which had been previously sold by the owners, and that since renting the land and taking possession thereof he acquired by warranty deeds, made by plaintiff to W. O. Cardin and by W. O. Cardin to the defendant, all the interest that the plaintiff, at the time of said contract of rental, owned, or ever did own, in said lands and that he was lawfully in the possession of the same and denied generally all the other allegations not admitted.

The cause proceeded to trial before the justice of the peace, a jury being waived, and resulted in a judgment for the plaintiff, and the cause was appealed by the defendant to the district court of Ottawa county and tried to the court, a jury being waived by stipulation of the parties, and resulted in a judgment in favor of the plaintiff that the defendant was guilty of unlawful and forcible detention of lot 13, in block 1, in the Castle Park addition and all of the Castle Park addition to the City of Miami, except lots 1, 2, 3, 4, and 15, in block 2, and lots 1, 2, 4 and 5, in block 9, and except an undivided one-fourth interest in lots 14 to 24, inclusive, in block 1,

lots 5 to 12, inclusive, in block 2, lots 16 to 26, inclusive, in block 2, block 3, block 4, block 5, except lot 11, block 6, except lot 12, lots 1 to 12, inclusive, in block 12, lots 1 to 12, inclusive, in block 11, lots 19 to 24, inclusive, in block 11, lots 6 to 12, inclusive, and lots 18, 19, 22, 23 and 24, in block 10, lots 7 to 12, inclusive, and lots 17 to 24, inclusive, in block 9, all of block 8, all of block 7, except lots 14 and 15, in the Castle Park addition. The court found that the one-fourth interest in the lots, above referred to, had been conveyed by the plaintiff during the time the same were being occupied as a tenant of plaintiff. to Oscar L. Cardin, and by the said Cardin had been conveyed to the defendant, and that the defendant was entitled to the joint possession of said excepted lots to the extent of his said one-fourth interest therein, the court finding that the plaintiff is entitled to jointly enjoy the same to the extent of three-fourths interest therein; that plaintiff was entitled to have and recover from the defendant the possession of lot 13, in block 1. of Castle Park addition, and all of said addition, except lots 1, 2, 4, and 15 in block 2, and lots 1, 2, 3, 4, and 5, in block 9, of said addition, but as to the other lots, as heretofore described, the plaintiff do not recover the exclusive possession thereof, but a three-fourths interest and a right of enjoyment therein jointly with the defendant, W. N. Hobbs, and that neither should exclude the other from the possession of the same or any part of the lots so owned together.

A motion for new trial was filed, heard, and overruled, defendant reserved exception, and the cause comes regularly upon appeal to this court by the defendant from said judgment.

Attorneys for defendant set up seven grounds for reversal of the judgment. First, that the notice given to the defendant to vacate was not sufficient in law; second, that the complaint did not allege that the required three days' notice was given to the plaintiff and a copy of the notice was not attached to and made a part of the complaint: third, that the plaintiff must represent the entire interest; fourth, that the action is based on the grounds that the plaintiff had rented the premises in controversy for the year 1921: fifth, that the evidence introduced is not sufficient to sustain the judgment; sixth, that the court erred in holding the Senate Bill No. 24, approved March 8, 1911, was not repealed by House Bill No. 345, approved March 22, 1913; and, seventh, that the court erred in admitting certain testimony over their objection with reference to ques-

tions of ownership of the property by the plaintiff.

This is purely a law action. tried by consent of attorneys to the court, a jury being specifically. waived by stipulation, and the rule to be applied here is that the judgment of the court in a law action has the same force and effect as the verdict of a jury, and if there is any evidence reasonably tending to support the judgment of the court, its judgment will not be disturbed by this court on appeal. The only oral evidence introduced on part of plaintiff was the evidence of the plaintiff, himself, who testified positively that he rented the property .to the defendant for the term of one year by verbal agreement, and that he was the owner and in possession of the property at the time he rented it to the defendant, and was still the owner and entitled to the possession thereof; that no one had any authority to act for him in renting the property; that he had entered into an agreement, by which he was to sell an interest in the property to J. J. Smith and Anna Courtney, when he had sold enough of the property to pay back to him the amount of the initial price that he had paid for the property, and that this condition was still unfulfilled and that the parties to whom he was to sell were not yet entitled to the interest that he had contracted to sell them at the time of the trial and that he was not yet under any obligation to deed any part of it to Smith and Courtney. It appearing from the defendant's testimony that during the time the defendant was occupying the premises the plaintiff had sold a one-fourth interest in a portion of the property to one Cardin and that before the close of the year, for which he had rented the same to the defendant, Cardin had deeded this one-fourth interest to the defendant and three other parties and as to this portion of the property deeds were introduced showing this sale. The court found that plaintiff and defendant were entitled to occupy this portion so sold jointly, the defendant to the extent of an undivided one-fourth and the plaintiff to an undivided three-fourths.

The defendant further testified that he had rented the property from one Jack Courtney, who claimed he acted as agent for plaintiff, J. J. Smith, and Anna Courtney, and that he paid rents to Jack Courtney.

It will be observed that the defendant, in his answer, denied his landlord's title in toto, and claimed that plaintiff had sold, and that he had brought, the entire interest of plaintiff in all the property, but the deed introduced from plaintiff to Cardin and from Cardin to the defendant and three other parties only conveyed a one-fourth undivided interest in a portion of the property, which portion was clearly set out in the judgment of the court, heretofore referred to in this opinion.

The first assignment of error deals with the sufficiency of the notice given to the defendant to vacate the property. and attorneys for defendant contend that this is fatal to this action for the reason that it is not sufficient to give the court jurisdiction. No objection was made by the defendant to the notice before he answered and no objection was made at the trial before the district court that this notice was given, but defendant admitted the service of the notice, as shown by the return of the officer, but objected to the introduction of the notice in evidence for the reason only that it was not sufficient in substance to terminate the tenancy in the matter of the description of the property, and this objection was first made at the time the plaintiff offered the notice in evidence at the trial. The description in the notice is the same as is set forth in the complaint and upon examination of the deeds, under which defendant claimed title, ownership, and possession, we find that this same description as to the location of the lots and blocks as being in the "Castle Park addition to the city of Miami, Okla." The defendant's answer admits that he rented the land described in the complaint and at the beginning of defendant's testimony, when asked where he lived, he answered: "I live at Castle Park Addition," and in answer to this question, "You are in possession of the property involved in this controversy. are you, in this lawsuit?" he replied: "Yes, sir," so that there can be no doubt that defendant knew and was fully aware of what property was meant both in the complaint and in the notice.

This court has held in the case of City of Oklahoma v. Hill, 4 Okla. 521, 46 Pac. 568, that:

"A substantial notice to quit and leave the premises, and not technical accuracy, is what the statute requires."

It will be observed that the defendant in this case disclaimed the relation of landlord and tenant. but claimed that he was occupying the premises as the owner and that he paid the rent to Jack Courtney.

· This court, in the case of Meyer et al. v. White, 27 Okla. 400, 112 Pac. 1105, said:

"In an action for forcible detention to recover possession of a tenement the notice to terminate the tenancy prescribed by Wilson's Stats. of Okla. 1903, sec. 3328, is waived where the tenant disclaims the relation of landlord and tenant, refused to pay rent to his landlord, and attorns to another."

And, in the case of Polson v. Parsons, 23 Okla. 778, 104 Pac. 336, this court said:

"In an action of forcible detainer brought to recover possession of a tenement, the preliminary notice to terminate the tenancy is waived, where the relation of landlord and tenant is denied by the defendant."

And, under the state of pleadings and evidence in this case, we are of the opinion that the question raised on the sufficiency of the notice came too late, and was waived by the defendant, and we are of the further opinion that the purposes of the notice were fully met by the plaintiff in this case, under the rule laid down in the case of Avants v. Bruner, 39 Okla. 730, 136 Pac. 593, where this court said:

"The primary purpose of a notice to vacate, in such a proceeding as the one under consideration, is to apprise the party to whom the notice is given of the description of the land desired to be vacated with such reasonable certainty that he could not be mistaken as to what land was meant."

The second proposition raised by attorneys for defendant is that the complaint did not allege the giving of the notice nor attach a copy thereto. This, if proper, should have been raised by demurrer before the defendant answered and before going to trial. The statute, itself, does not require that such allegation be made in the complaint, but the giving of the notice must be proven as a jurisdictional fact, where it is not waived, and the authorities cited by counsel for defendant only to go to this extent, and, in our opinion, it would have been better pleading to have made such allegation and set forth the notice, but we do not think that this is sufficient ground upon which to predicate error sufficient to cause a reversal of this case, especially where the tenant is disputing his landlord's title and the relation of landlord and tenant, and paying rents to another, as is shown by the pleadings and evidence in this case.

The third proposition, urged for reversal of this case, is that the plaintiff must represent the entire interest. The evidence fully sustains the judgment in this case, in this, that the plaintiff had the record title to the property, was in possession of it at all times, had rented it to the defendant, that while he had contracted to sell an interest therein

the contract had not yet been fulfilled and that he was still the owner and had the right to the full possession thereof at the time the action was brought and at the time of the trial, and under such circumstances the tenant was not in the position to dispute the right of his landlord to the possession, and we do not think this assignment has any merit under the condition of the record in this case.

The fourth proposition urged is that the contract for rental was for the year 1921, and that the testimony did not show a completed contract for that year, but, upon an examination of the testimony, we find that the plaintiff testified that the tenant was occupying the premises for 1920, and that some time in the summer of 1920, in a conversation with the defendant, he agreed to rent him the property in controversy for the year 1921, and that they agreed upon it at that time, and that he agreed to come and make a written contract for the year 1921, but that the written contract was never entered into, but that he continued in possession of the premises during the year 1921, under the verbal agreement. The contention of attorney for plaintiff is that this was sufficient contract for the year 1921, and that the same expired on the first of January, 1922, by its own limitation, and that this action was begun on the 7th day of January, 1922, and the notice of the bringing of the suit was served on the 3rd day of January, 1922, and under the facts in this case, we are of the opinion that this continuing tenancy was not a tenancy at will, as contended for by attorneys for defendant, but was under the verbal contract entered into for the year 1921, as testified to by the plaintiff. The trial court had the facts before it and the testimony of the witnesses, and it is not within the province of this court to weigh the testimony, and the testimony upon this proposition is sufficient to sustain the judgment of the court.

The fifth proposition urged is that the evidence is not sufficient to sustain the judgment. In view of the positive testimony of the plaintiff that he had possession of the premises, was entitled to the same, was renting the same, and that Jack Courtney was the tenant before the defendant rented the land, and that Jack Courtney had no right to act as his agent, and that the titles all stood in the name of the plaintiff, we cannot agree with counsel that there was not sufficient evidence to support the judgment of the court and we cannot agree with counsel upon this proposition.

The sixth proposition deals with the ques-

tion of which act of the Legislature was in force and effect. In view of the conclusion heretofore reached in this opinion that there was an express contract for the year 1921, and in view of the fact that the defendant disputes his landlord's title and disclaims the relation of landlord and tenant and claims to have paid rents to other parties, in our opinion, this question of the three months notice becomes immaterial in this case, as it is immaterial which statute is in force and effect as under the state of the record the defendant waived his right to complain in regard to notice and we are of the opinion that we are not called upon to pass upon this proposition upon the state of the record in this case.

The seventh ground assigned is that the court erred in admitting certain testimony upon the proposition as to whether the plaintiff had parted with his right of possession to the property to other parties and in said testimony said plaintiff testified as follows:

"No, sir; absolutely not. I have always been in possession of that place from the day I bought it, I bought it and the deed was made to me and I went into possession of it and I exercised the right of possession over that from that day to this. Mr. Hobbs went there as my tenant, I rented it to him for the year 1921 as my tenant."

We think this testimony was admissible as it goes to the direct issue in this case as to the right of possession of the plaintiff and as to the fact he had exercised the right of possession from the date he bought it until this time and that the defendant was his tenant and that he had rented it to him for the year 1921, and that there were no other parties interested or had any right to an interest in the property at the time.

After a careful examination of the briefs of counsel in this case and a careful investigation of the record and issues involved, we are of the opinion that the judgment of the trial court is sustained by the evidence, that the court arrived at the right conclusion and that said judgment should be and is hereby affirmed.

By the Court: It is so ordered.