## BEAMS v. STEP et al.

No. 16188—Opinion Filed March 9, 1926.

1. **Trial — Credibility of Witnesses and Weight of Evidence as Questions of Fact.**

The credibility of a witness and the effect and weight to be given to inconsistent or contradictory testimony are questions of fact to be determined by the triers of fact, whether court or jury, not questions of law for the court. It is peculiarly within their province to weigh the testimony of the witnesses, as well as all the facts and circumstances tending to corroborate or discredit them and determine the case according to the preponderance of the evidence.

2. **Appeal and Error—Sufficiency of Evidence—Law Action Tried to Court.**

In an action at law, a jury being waived, the judgment of the court has the same force and effect as the verdict of the jury, and if there is any evidence reasonably tending to support the judgment of the court, the judgment will not be disturbed by this court on appeal.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Adair County; J. T. Parks, Judge.

Action by Mary Beams against Polly Step, Chulio Step, Lizzie Daugherty, and Jennie Teehee, for the partition of real property. Judgment for defendants, and plaintiff appeals. Affirmed.

John A. Goodall and W. L. Chase, for plaintiff in error.

W. A. Corley and Horner & Horner, for defendants in error.

Opinion by FOSTER, C. The plaintiff in error, Mary Beams, as plaintiff, instituted her action in the district court of Adair county against the defendants in error, Polly Step, Chulio Step, Lizzie Daugherty, and Jen-

nie Teehee, as defendants, for the partition of a certain tract of land located in Adair county, in which the plaintiff in error was alleged to be the owner of a one-half undivided interest. The parties will be hereinafter designated as they appeared in the trial court.

The land in controversy was the original allotment of Ellis Step, a Cherokee Indian, enrolled opposite Cherokee roll No. 29633, and the plaintiff asserted title to the one-half interest therein as the surviving wife of Ellis Step, who, it was alleged, had died intestate and without issue on the 18th day of October, 1918. The defendant Polly Step was the surviving mother of Ellis Step, and the defendants Chulio Step, Lizzie Daugherty, and Jennie Teehee were his surviving brothers or sisters.

The defendants filed their answer, in which they denied that the relationship of husband and wi.e had ever existed between the plaintiff and Ellis Step, and asserted title to all of said land to the exclusion of the plaintiff. A jury was waived by consent of the parties and the cause was tried to the court, which rendered a judgment in favor of the defendants, finding that the plaintiff had no right, interest, or claim to said land.

By stipulation of the parties the cause was submitted to the trial court on the record testimony in the county court in case No. 1965, wherein the plaintiff was contesting the right of the defendant Chulio Step to the appointment of administrator of the estate of Ellis Step, which, among other things, contained a transcript of the testimony of the plaintiff, D. B. Collums, and Mrs. C. J. Crocker in that proceeding. A certified transcript of the testimony of these three witnesses in said case No. 1965, a copy of a letter from Ellis Step to Mary Beams dated August 24, 1918, the petition for letters of administration by Chulio Step, and the protest of the plaintiff, Mary Beams, filed in the county court, constituted the entire testimony introduced in the trial court.

In the proceeding in the county court in case No. 1965, wherein Chulio Step was seeking the appointment of administrator of the estate of Ellis Step, deceased, the petitioner produced the plaintiff in the instant case as a witness in his behalf, and from this testimony it appears that the plaintiff married one Scott Vann in the year 1912; that they separated about two months thereafter, the plaintiff returning to her mother, and Scott Vann, without obtaining a divorce, cohabited with another woman. The marriage between the plaintiff and Scott Vann was never dissolved by divorce. Plaintiff further testified that Scott Vann died on the 16th of April, 1918, and that on the following April 24th she contracted a common-law marriage with Ellis Step, and cohabited with him as his wife until May 25, 1918, a period of some 30 days, at which time Ellis Step was drafted into the army and sent to France, where he died sometime during the autumn of 1918; that on the occasion of his induction into the army, and on the night before he entrained for duty, she spent the night with him at the Crocker Hotel in the city of Stilwell, registering their names upon the hotel register as husband and wife; that subsequently she received a letter from Ellis Step mailed somewhere in France, the original of which was introduced in evidence and appears in the record.

In the course of her examination the plaintiff testified that the contract of April 24, 1918, between her and Ellis Step, was followed by the delivery to her of all the personal property belonging to Ellis Step and by living together thereafter as husband and wife with her mother until May 25th, thereafter, when Ellis was drafted into the army. In the course of her examination it was developed by the admissions of her counsel that she had maintained illicit relations with Ellis Step prior to the death of her former husband, Scott Vann, and that this illicit courtship covered a considerable period of time prior to the death of Scott Vann. It was also developed in the course of this examination that she had participated in the distribution of the estate of her husband, Scott Vann, and had signed certain documents evidencing her participation in such estate as Mary Vann, some months after the date of her alleged common-law marriage to Ellis Step. Her explanation as to why she came to sign these documents as Mary Vann is not convincing. There was no evidence introduced by the plaintiff of general marital repute among the relatives and acquaintances or among those who came in contact with them during the time that plaintiff claims the relationship existed, which could give rise to a presumption that they had previously entered into an actual marriage.

In this state of the record the trial court found that the testimony produced by the plaintiff. Mary Beams, was insufficient to establish the relationship of husband and wife between plaintiff and Ellis Step at common law, and found that she succeeded to no interest in the allotment of Ellis Step as his surviving wife. Under the rule established by the authorities in this jurisdiction, we

cannot say that the trial court erred in so finding. The question of the effect to be given to plaintiff's testimony, and of the effect to be given to certain inferences arising from admissions of her counsel and from her own admissions, in answer to questions propounded, was a matter for the court to determine as the trier of the facts, and the judgment of the trial court thereon will not be disturbed by this court on appeal.

In Moore v. First National Bank of Iowa City, 30 Okla. 623, 121 Pac. 626, the rule is stated in the fifth paragraph of the syllabus as follows:

"The credibility of a witness and the effect and weight to be given to inconsistent or contradictory testimony are questions of fact to be determined by the triers of fact, whether court or jury, and not a question of law for the court. It is peculiarly within their province to weigh the testimony of the witnesses, as well as all the facts and circumstances tending to corroborate or discredit them, and determine the case according to the preponderance of the evidence."

The trial court by its judgment found the issues in favor of the defendants and against the plaintiff. The rule applicable to the situation disclosed by the record is stated in Hobbs v. McGhee, 100 Okla. 210, 229 Pac. 241, as follows:

"In an action at law, a jury being waived, the judgment of the court has the same force and effect as the verdict of a jury. and, if there is any evidence reasonably tending to support the judgment of the court, the judgment will not be disturbed by this court on appeal."

There was evidence introduced which under rules of law hereinbefore quoted reasonably tended to support the judgment of the trial court. The judgment of the trial court is therefore affirmed.

By the Court: It is so ordered.

Note:—See under (1) 38 Cyc. pp. 1516, 1518. 26 R. C. L. p. 1027. (2) 4 C. J. pp. 876. 879 §2853; 2 R. C. L. p. 202; 1 R. C. L. Supp. p. 442; 4 R. C. L. Supp. p. 91; 5 R. C. L. Supp. p. 81.