JONES v. SPENCER.

No. 32409. Oct. 22, 1946.

173 P. 2d 745.

Max M. Fagin, of Oklahoma City, for plaintiff in error.

Paul L. Washington, of Oklahoma City, for defendant in error.

HURST, V.C.J. This is an action by Dora Spencer against S. J. Jones, a real estate broker, to recover the sum of $250 paid by plaintiff to Jones as a down payment on the purchase by plaintiff of the furniture, equipment, and good will of a rooming house owned by Elizabeth McMath. From a judgment in favor of plaintiff, the defendant Jones appeals.

The issue made by the pleadings and evidence is whether, as plaintiff contends, Roy Moss, a real estate salesman for Jones, misrepresented the in-come being realized and which could be expected from the operation of the rooming house. There is a sharp conflict in the evidence on this issue. The plaintiff testified that Moss told her that the gross income was from $400 to $450 per month and in time it could be increased to $600 per month. Moss denied making any such statement. He testified, however, that Mrs. McMath stated to plaintiff in his presence that the net income was about $350 per month. Plaintiff testified that, relying on such representations, she entered into the contract of purchase with Mrs. McMath. She gave Mrs. McMath a check for $1,100 and Jones $250 to apply on the purchase price. Plaintiff testified that, prior to the making of the contract, the O.P.A. refused to advise her what the ceiling prices were on the rooms, but that a day or two after she took possession of the rooming house she was advised by the O.P.A. what the ceiling prices were, and that under the ceiling prices the rooming house would not produce as much income as Moss and Mrs. McMath had represented it would, and that Mrs. McMath advised her that she had been charging more than the ceiling prices and had kept two sets of books. She then rescinded the contract and stopped payment on the $1,100 check given Mrs. McMath. The record is silent as to whether the O.P.A. prices were posted in the rooming house.

The appellant contends that we should assume that the O.P.A. ceiling prices were posted in each room, as the regulations required, and that it was the duty of plaintiff to know those prices, and that it is improbable that the O.P.A. would not have advised her of such prices; that the statements of Moss, if made, were "trade talk", and in any event he was without authority to bind appellant by such statements; that plaintiff consulted an attorney before making the contract, and was advised of her rights, and should be bound thereby, and it is improbable that she was influenced by the representation of

Moss; and that the evidence did not justify the conclusion that the rooming house would not produce the income which plaintiff says she was advised that it would.

1. This is an action of legal cognizance triable to a jury (12 O.S. 1941 §556), in which a jury was waived, and we are not at liberty to disturb the finding of the court if there is any evidence reasonably tending to support the same. Hobbs v. McGhee, 100 Okla. 210, 229 P. 240. And the question of the credibility of the witnesses and the weight to be given their testimony was one to be determined by the trial court. Beams v. Step, 116 Okla. 291, 244 P. 775.

2. In support of his contention that the representations of Moss, if made, were not binding upon him, appellant cites Hodson v. Wells & Dickey Co., 31 N. D. 395, 154 N. W. 193, L. R. A. 1917F 958, and Hussey v. Michael, 91 Kan. 542, 138 P. 596. These cases are not in point. In the Hodson Case, the agent making the representations was only a soliciting agent and was without authority to make representations or close sales. No such restriction on the authority of Moss was shown in the present case. The Hussey case is based upon a different principle of law and is not in point. The representations made by Moss, salesman and agent of appellant, in the course of his employment, were binding upon appellant and he is responsible therefor. 2 Am. Jur. 270, 273.

3. We find no merit in appellant's contention that the representations, if made by Moss, were merely "trade talk" and that plaintiff was bound to ascertain for herself the ceiling prices on the rooms and the income the rooming house would probably produce. The statements were material, as the income a property will produce is material in determining its value. We are committed to the rule that liability for misrepresentations depends upon whether the person relying thereon was in fact deceived, not upon whether an ordinarily prudent person should have been deceived. Harrell v. Nash, 192 Okla. 95, 133 P. 2d 748; Thompson v. Davis, 124 Okla. 79, 254 P. 501.

The evidence reasonably tended to establish that the representations were made by Moss, that they were material, that they were false, and that plaintiff relied thereon to her injury.

Affirmed.

GIBSON, C.J., and OSBORN, BAYLESS, and WELCH, JJ., concur.