Freddie Dean REECE, Appellee,

v.

Brice A. PLETCHER, Appellant.

No. 78361.

Court of Appeals of Oklahoma,
Division No. 1.

July 14, 1992.

David O. Blankenship, Ardmore, for appellant.

Diane L. Worsham, Ardmore, for appellee.

## MEMORANDUM OPINION

GARRETT, Judge:

Appellee, Freddie Dean Reece (Reece or Appellee), and Appellant, Brice A. Pletcher (Pletcher or Appellant), were involved in a collision between the pickup trucks they were driving. Reece was stopped at a stop sign when his pickup was rear ended by the pickup being driven by Pletcher.

Reece filed an action against Pletcher seeking to recover for personal injuries and property damages resulting from the collision. The property damage was settled. The parties waived a jury and the personal injury portion of the case was tried by the court.

The court entered judgment for Reece against Pletcher for $14,926.00. Pletcher filed a Motion for New Trial, and in the alternative, a Motion for Remittitur. The court denied the Motion for New Trial, but granted remittitur in the amount of $2,401.00. Judgment was then entered for Reece for $12,525.00. Pletcher appeals.

In effect, Appellant concedes that the evidence at the trial was sufficient to sustain the finding of liability. For reversal, Appellant contends the amount of the judgment is excessive and is not supported by the evidence. In his brief, Appellant states: "Appellant's only complaint is the amount of the verdict (sic); Appellant submits that it is simply unreasonable." He relies on 23 O.S.1991 § 97. It provides:

> Damages must, in all cases, be reasonable, and where an obligation of any kind appears to create a right to unconscionable and grossly oppressive damages, contrary to substantial justice, no more than reasonable damages can be recovered.

The cases cited by Appellant[1] generally hold that each case must be determined on its own facts and circumstances; that the verdict or judgment must be within the permissible limits disclosed by the evidence; and, the amount of the judgment must bear some relation to the evidence. While Appellant fails to point out evidence which clearly establishes the permissible limits, he does state that the amount of the judgment is "clearly excessive."

At the trial, neither party presented medical evidence. Pletcher appears to contend that medical evidence must be

---

1. *Complete Auto Transit, Inc. v. Reese,* 425 P.2d 465 (Okl.1967), *Heavy Haulers, Inc. v. Jones,* 304 P.2d 292 (Okl.1956), and *Austin Bridge Co. v. Christian,* 446 P.2d 46 (Okl.1968).

presented to show pain and suffering, either partial or total disability, either temporary or permanent injuries, and that the injuries and medical expense resulted from the accident. We know of no such requirement and no authority to support such a contention in a tort case is presented. For authority to the contrary, Appellee cites *Dunn v. Southall,* 373 P.2d 35 (Okl.1962) and *Boxberger v. Martin,* 552 P.2d 370 (Okl.1976). This contention would have much more merit if this were a proceeding under Oklahoma's Workers Compensation Act. We agree with Appellee, and point out that the real issue on appeal is whether the judgment was supported by any competent evidence.

Appellant contends that Appellee failed to present any evidence to verify his medical bills and expenses, but fails to support this contention with citations of authority. The record shows that Appellee testified that the medical bills and expenses were the result of the accident. The testimony was received without objection. In addition, Appellee testified that much pain and suffering resulted from the injuries he received in the accident. Also he testified he was physically unable to do his job properly, and as a result he lost 20% of his wages for 3 months, and expected to lose more wages in the future. In effect, Appellant contends that this court should not believe the evidence because of the lack of medical testimony or other corroboration.

Whether evidence is to be believed, and what credence or weight it is to be given, if believed, are matters for the fact finder. In *Jones v. Spencer,* 197 Okl. 608, 173 P.2d 745, 746, (Okl.1946), the court said:

This is an action of legal cognizance triable to a jury, 12 O.S.1941 § 556, in which a jury was waived, and we are not at liberty to disturb the finding of the court if there is any evidence reasonably tending to support the same. *Hobbs v. McGhee,* 100 Okl. 210, 229 P. 240. And the question of the credibility of the witnesses and the weight to be given their testimony was one to be determined by the trial court. *Beams v. Step,* 116 Okl. 291, 244 P. 775.

In *Tax/Investments Concepts, Inc. v. McLaughlin,* 670 P.2d 981, 983 (Okl.1982), our Supreme Court said:

Our first consideration is to determine the gravamen of the petition and counter-claim, whether it be in law or in equity. If the action be at law, the findings of the trial court are as binding on appeal as the verdict of a jury and, consequently, if there is any competent evidence to support the findings, they will not be disturbed on appeal.

The trial court heard the testimony, observed the witnesses, obviously believed the testimony and evidence presented by Reece, and entered judgment. We have reviewed the testimony and other evidence and find competent evidence to support the judgment.

AFFIRMED.

ADAMS, P.J., and JONES, J., concur.