2010 OK CIV APP 55

**CITY OF TULSA, Tulsa County, State of Oklahoma, Appellee,**

v.

**Cassandra Faye JOHNSON a/k/a Cassandra Faye Williams, Defendant,**

and

**Pattie A. Rohling, Appellant.**

**No. 106402.**

Court of Civil Appeals of Oklahoma, Division No. 3.

March 25, 2010.

David Shapiro, Assistant City Attorney, Tulsa, OK, for Appellee.

Joseph T. Howard, Tulsa, OK, for Appellant.

ROBERT DICK BELL, Vice–Chief Judge.

¶1 Appellant, Pattie A. Rohling, a professional bail bond person, appeals from the municipal court's judgment denying her motion to exonerate bonds in four misdemeanor criminal cases. For the reasons set forth below, we reverse.

¶2 Appellant posted appearance bonds for Defendant, Cassandra Faye Johnson a/k/a Cassandra Faye Williams (Johnson), in four traffic-related cases in Tulsa Municipal Court. When Johnson failed to appear at her scheduled February 15, 2008, hearing, the bonds were ordered forfeited and a bench warrant was issued for Johnson's arrest. Appellant made efforts but was unable to locate Johnson. On May 5, 2008, Appellant made a written request to the Tulsa County Sheriff's Office (Sheriff) to enter Johnson's warrant information into the National Crime Information Computer (NCIC). Appellant maintains the Sheriff did not honor her request within 14 business days of receipt of the written request.

¶3 Based upon the Sheriff's alleged denial of her NCIC request, Appellant filed the instant motion to exonerate bonds pursuant to 59 O.S. Supp.2007 § 1332(C)(4). Appended to her motion was a copy of Appellant's written NCIC request to the Sheriff which contained a May 5, 2008, file stamp from the District Court of Tulsa County. At the subsequent hearing, the municipal judge indicated he had received Appellant's motion with the NCIC request. Appellant testified she made the written NCIC request to the Sheriff and, although inarticulately stated, testified that Johnson's warrant information was never entered into the NCIC system. The Appellee, City of Tulsa (City), presented no evidence. The municipal judge thereafter denied Appellant's motion on the ground that she failed to present evidentiary support for the motion. From said judgment, Appellant appeals.

¶4 Title 59 O.S. Supp.2008 § 1332(C)(2) provides in general that a bond forfeiture must be vacated and the bond exonerated when a defendant is returned to custody, within ninety (90) days of the forfeiture order, in the jurisdiction where the forfeiture occurred. Subsection (C)(3) defines the term "return to custody." The provision at issue in this case, 59 O.S. Supp.2007 § 1332(C)(4), stated:

> In addition to the provisions set forth in paragraphs 2 and 3 of this subsection, the bond shall be exonerated by operation of law in any case in which:

a. the bondsman has requested in writing of the sheriff's department in the county where the forfeiture occurred that the defendant be entered into the computerized records of the National Crime Information Center, and

b. the request has not been honored within fourteen (14) business days of the receipt of the written request by the department.

The Legislature has since combined the language of subsection (C)(4)(a) with subsection (C)(4)(b) in creating a new subsection (C)(4)(a), and added a new subsection (C)(4)(b) that is inapplicable here. *See* Laws 2008, c. 32, § 1, eff. Nov. 1, 2008.[1] The modification did not change the substance of the statute: A bond shall be exonerated where the bondsman makes a written NCIC request to the sheriff which is not honored within fourteen (14) business days of the written request.

¶ 5 In *State v. Vaughn,* 2000 OK 63, ¶ 23, 11 P.3d 211, 216, the Court held, "The burden of showing facts warranting relief from forfeiture is on the party seeking such relief." Thus, in the present case, Appellant was required to show that she made a written NCIC request to the Tulsa County Sheriff that was not honored within fourteen (14) business days of her request. Appellant's written NCIC request is not at issue here. She attached her file-stamped NCIC request to her motion to exonerate bonds, the trial judge acknowledged receipt of the motion and the City did not dispute that the request was served on the Sheriff.

¶ 6 As for subsection (C)(4)(b), Appellant testified at the hearing that her NCIC request was never honored by the Sheriff. The City presented no evidence to contradict Appellant's claim. Title 12 O.S.2001 § 2402 states that "[a]ll relevant evidence is admissible" in court except as otherwise provided by

law. Section 2401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The fact of consequence at issue here was whether the Sheriff honored Appellant's NCIC request. Appellant's testimony that the Sheriff did not honor that request tended to make the existence of that consequential fact "more probable ... than it would [have been] without the evidence." Her testimony was, therefore, relevant to show the Sheriff failed to honor Appellant's NCIC request. This testimony, combined with Appellant's documentary evidence that showed she made a written NCIC request to the Sheriff, satisfied her burden of proving entitlement to relief.

■ ¶ 7 On appeal, City cites the long settled law that the trier of fact in a law action is the sole arbiter of a witness' credibility and the weight to be given their testimony. *See Beams v. Step,* 1926 OK 205, ¶ 8, 116 Okla. 291, 244 P. 775. This being the rule, City argues the trial judge in this case was free to ignore Appellant's testimony in rejecting her motion. We disagree. An equally longstanding rule holds that the findings of a trial judge in an action of legal cognizance, sitting without a jury, are entitled to the same weight accorded a jury's verdict, and this Court's task on appeal is to determine whether such findings and judgment are supported by any evidence. *Sides v. John Cordes, Inc.,* 1999 OK 36, ¶ 16, 981 P.2d 301, 307; *Epperson v. Halliburton Co.,* 1967 OK 212, ¶ 17, 434 P.2d 877, 881. Under this standard, the instant judgment must be reversed because the trial court's decision to deny Appellant's motion is supported by no evidence. The only evidence presented to the trial judge showed Appellant filed a written NCIC request with the Sheriff and the

---

1. Title 59 O.S. Supp.2008 § 1332(C)(4) provides:
  In addition to the provisions set forth in paragraphs 2 and 3 of this subsection, the bond shall be exonerated by operation of law in any case in which:
   a. the bondsman has requested in writing of the sheriff's department in the county where the forfeiture occurred that the defendant be entered into the computerized records of the National Crime Information Center, and the request has not been honored within fourteen (14) business days of the receipt of the written request by the department, or
   b. the defendant has been arrested outside of this state and the court record shows the prosecuting attorney has declined to proceed with extradition.

Sheriff failed to honor the same. Appellant is entitled to exoneration of her bonds.

¶8 REVERSED.

JOPLIN, P.J. and MITCHELL, J., concur.